Dorothy V. Fox, Plaintiff-Appellant, v. Robert C.
Fox, Defendant-Appellee.

Gen. No. 11,232.

Fourth District.

September 24, 1970.

Greaves and Phipps, of Champaign (John T. Phipps, of counsel), for appellant.

Rosenberg, Rosenberg, Bickes & Johnson, of Decatur (Wayne L. Bickes, of counsel), for appellee.

CRAVEN, PRESIDING JUSTICE, delivered the opinion of the court.

Plaintiff, Dorothy V. Fox, filed a separate maintenance action April 4, 1968. A motion to stay was filed by defendant, Robert C. Fox, based upon a prior action for divorce filed by him in another county. On September 25, 1968, plaintiff filed an amended complaint, defendant filed an answer, and on the same day the

court heard a default divorce and entered a decree for divorce, finding defendant guilty of extreme and repeated physical and mental cruelty.

The divorce decree reserved for further determination the questions of alimony, alimony in gross, division of the personal property, and determination of the indebtedness and financial obligations of the parties, suit money, solicitor's fees and costs.

On the same date (September 25, 1968), a supplemental decree was entered which confirmed an agreement of the parties that the marital residence be sold to a third party for $47,500; that defendant quitclaim his interest therein to the purchasers; that the clerk of the court receive from the purchasers the sum of $5,000 as part payment and hold that sum for further determination by the court of its ownership and distribution; and that the remaining purchase price be paid to plaintiff and her sister, Clora Van Deventer, as they theretofore agreed.

Thereafter, plaintiff's attorney withdrew as her counsel and other counsel were substituted. Hearings were held on the reserved matters and a further order was entered on May 20, 1969. This order found that under the circumstances of the parties with reference to plaintiff's needs and defendant's ability to pay, and in view of their respective ages, health, assets, incomes, stations in life, conduct and debts, no alimony should be awarded plaintiff. It further found that a deed to the marital residence executed by defendant in 1954 was void; that the $5,000 fund held in escrow by the clerk represented defendant's share of the sale of the real and personal property of the parties; and that the debts and obligations of the parties incurred during the marriage had been paid out of the proceeds of jointly-owned property of the parties. The order barred plaintiff of alimony, attorneys' fees, costs and suit money; ordered the clerk to pay defendant the $5,000; ordered defendant

211

to satisfy any federal income tax liability of the parties for 1966; and ordered that plaintiff not be reimbursed by defendant on account of certain notes totaling $8,900 on which both were obligated but which plaintiff had paid by a new note signed only by her.

Plaintiff appeals from the order of May 20, 1969, which passed on the reserved matters, contending the order was in error in (1) barring alimony since the divorce found her without fault, (2) declaring the deed void and declaring that the $5,000 held by the clerk represented defendant's share of sale of the residence property, and (3) denying plaintiff reimbursement of the former indebtedness paid by plaintiff.

Among other matters, the evidence here shows that at the time of the final hearings, the parties were aged 51 and 50 years, respectively; had been married since 1941; had three adult sons; at the time of separation owned a house sold under the supplemental decree for $47,500, from which were paid mortgages of $20,000; had a large quantity of household furniture; plaintiff owned a farm with improvements, which she had inherited, worth at least $200,000 free of encumbrances; defendant was a commission salesman for a clothing firm, traveling 32 to 35 weeks per year and paid on straight commission with a draw of $1,200 per month; the husband's gross during 1968 was $19,135, with a net before taxes of $10,587.81 and $8,038.82 after taxes; his 1968 income was higher than any previous year. At the time of the later hearings defendant had remarried and purchased a house in joint tenancy with his second wife for $21,000, all funds for which had been borrowed. Plaintiff and defendant had a contingent liability for 1966 federal income taxes which was in dispute, and defendant owed $3,000 in unpaid 1968 federal income taxes. For the years 1966, 1967, and 1968, plaintiff's farm grossed her $12,000, $10,000 and $8,700,

respectively, with a net of $7,600, $6,200, and $4,800, respectively.

The evidence further shows that at the time of the hearing defendant had approximately $100 in cash; that plaintiff had $8,000 in her checking account after the separation, and that she subsequently received $6,800 from her farm, as well as the $21,000 from sale of the marital residence. After this case was filed and before entry of any order, plaintiff sold the family home furnishings. Some of it she sold to her lawyer. She testified she sold an $8,000 ballroom grand piano for $600, and that she received about $3,000 for the furniture she sold. At the time of the hearing, plaintiff had $14,000 in cash, a new Oldsmobile "98" automobile, free of lien, and a newly furnished apartment. After the separation, she gave a mink stole to her cleaning lady.

In 1954, the parties owned their home in joint tenancy. They had been separated then about nine months. The husband, at that time, signed a quitclaim deed to the home property to a sister of plaintiff. This deed was placed in a file by the plaintiff's attorney, where it was kept for 14 years. After the suit was started the attorney recorded the deed. Defendant consulted no attorney of his own on this matter but on one occasion when he inquired of plaintiff's attorney as to the deed he was told by the attorney, "Don't worry about it. It's all gone." After the deed was executed, the parties reconciled. During the next fourteen years they made several mortgages on the property and represented they were joint owners. Real estate taxes were billed to them jointly. They occupied the property for approximately thirteen years after the deed was signed with no claim to the property being made by plaintiff's sister.

Prior to entry of the divorce decree, the plaintiff tried to sell the house but the purchasers refused to accept title from the sister. The parties thereafter agreed to the

plan of sale of the residence set forth in the supplemental decree.

Following sale of the house, plaintiff made a new note, signed by her only, to pay off two earlier notes totaling $8,900, signed by both. There is dispute in the evidence as to what use was made of the moneys received on the original notes. However, it appears this was used to pay joint and family expenses. At the time of giving the new note, the banks holding the original notes had not been pressing for payment.

Plaintiff contends that the order of May 20, 1969, barring her of alimony is erroneous as " 'a wife granted a divorce for the misconduct of the husband is entitled to alimony, in the absence of special circumstances, . . . . (Citing cases.)' [Savich v. Savich, 12 Ill2d 454, 459, 147 NE2d 85, 88 (1958)]," relying on Doody v. Doody, 28 Ill 2d 191, 194, 190 NE2d 734, 736 (1963) and Savich v. Savich, 12 Ill2d 454, 459, 147 NE2d 85, 88 (1958). In the Doody and Savich cases, the awards did not consider that the property was held in joint tenancy so that the amount ordered paid to the wife was inadequate in failing to consider this fact. The circumstances in the instant case differ from those cases. Plaintiff further asserts that alimony is an absolute right, and that the pleadings fail to allege any special circumstances as a basis for the court to consider barring plaintiff of alimony.

██ We cannot agree with plaintiff that alimony is mandatory where a wife is granted a divorce for misconduct of the husband. Section 18 of the Divorce Act (Ill Rev Stats 1969, c 40, par 19), provides that a court ". . . may make such order touching the alimony . . . as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just . . . ." It also provides that "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or per-

214

sonal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable. . . ."

The statute clearly contemplates that the circumstances of the parties and the nature of the case shall be considered by the court in determining whether alimony will or will not be awarded, or whether a sum of money or conveyance of property, real or personal, as settlement in lieu of alimony will be ordered. Alimony is not a prize to be awarded the winner of the divorce contest. Rather, the statutory tests are what the court in its discretion determines is "fit, reasonable and just" and "equitable." These tests are rooted in equitable principals. Nelson, Divorce and Annulment, 2nd ed, § 14.-26; 24 Am Jur2d, Divorce and Separation, § 601. Thus, alimony was denied the successful spouse granted divorce in Decker v. Decker, 279 Ill 300, 116 NE 688 (1917) and Mirza v. Mirza, 318 Ill App 640, 48 NE2d 746 (1st Dist 1943) (Abst).

In the instant case, the court entered orders in accordance with an agreement entered into by the parties whereby the marital residence was sold for $47,500, and $5,000 of the sale proceeds was paid defendant and the net balance paid plaintiff. No special equities of plaintiff in this real property were alleged, proved or determined. While the court reserved the questions regarding the division of personal property and all other questions touching "financial obligations . . . alimony and/or alimony in gross, . . . solicitor's fees, . . ." the large cash sum ordered to be paid the wife, when considered with the circumstances of the parties, must have been ordered as settlement in lieu of alimony.

■ Where an award of alimony in gross or property in lieu of alimony is made to the wife, the husband thereby is relieved of all future claim for alimony. Dmitroca v. Dmitroca, 79 Ill App2d 220, 223 NE2d 545 (2nd Dist

1967) ; Still v. Still, 96 Ill App2d 320, 238 NE2d 613 (4th Dist 1968).

■ We must regard the substance of the order. While it is better practice when an order of payment of money or of conveyance of property is made as settlement in lieu of alimony to state in the decree that the award is in lieu of alimony, we deem the order here to have been such a settlement, well within the discretion of the trial court.

■ ■ In its order of May 20, 1969, the court denied alimony based upon the circumstances of the parties as recited in the trial court's findings. The evidence fully justifies the findings and order. This is more particularly the case with the entry of the order to pay plaintiff the lump net proceeds of sale of the residence.

■ In awarding defendant the $5,000 fund held by the clerk which arose from sale of the residence, the trial court was determining the respective rights of the parties in the entire real and personal property owned as a part of their marital relation, as well as the sum paid plaintiff as settlement in lieu of alimony. The wife already had converted to her sole use the proceeds of the personal property which she admitted to be $3,000, but which the evidence shows to be of greater value. We find no requirement of passing upon the question of validity of delivery of the deed to the residence property. However, the conduct of the parties with reference to the property, payment of taxes, and mortgaging of the property over a period of some thirteen years after execution of the deed were matters which the trial court properly must have considered in determining the respective rights of the parties. He did not abuse his discretion or commit any error in the light of the circumstances and facts here in evidence.

■ Any formal defects in pleadings regarding the deed and the conduct of the parties as to the real estate have been waived by plaintiff as she presented evidence

216

in the trial on the matters she now complains were not alleged. Likewise, the defendant presented evidence on these matters without objection by plaintiff that this raised issues outside the scope of the pleadings.

 Further, no error intervened by the trial court's ordering that defendant not be required to reimburse plaintiff on the note she gave to pay off the earlier notes given for joint obligations. This was a part of the overall settlement of the marital affairs of the parties. Again reverting to the statutory test of what was "fit, reasonable and just" and settlement "as the court deems equitable" in a divorce action, the trial court acted within the exercise of sound discretion. The order is affirmed.

Order affirmed.

SMITH and TRAPP, JJ., concur.