DEBRA A. HEPNER, Plaintiff-Appellee, *v.* ROGER KENT HEPNER, Defendant-Appellant.

Third District   No. 75-395

Opinion filed October 14, 1976.

Peter F. Ferracuti Associates, of Ottawa, for appellant.

James L. Waring, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On April 25, 1975, a decree was entered whereby plaintiff, Debra Hepner, was divorced from defendant Roger Hepner. The decree ordered Roger Hepner to pay Debra Hepner in lump sum satisfaction of alimony $381 (her attorney's fees and court costs) and $60 per week for the space of one year, not terminable in the event of any re-marriage but terminable in the event of the death of either party.

On this appeal only two issues are raised namely the propriety of the award of alimony in gross and the propriety of awarding attorney's fees to plaintiff.

Plaintiff, Debra Hepner, and defendant, Roger Hepner, were married on November 18, 1972. They lived and cohabited together as husband and wife until January 31, 1975, when Roger Hepner left the marital home

and refused to return to live there. There were no children born of the marriage or adopted as a result of the marriage. The marriage was of a short duration, lasting approximately 32 months. Mr. Hepner worked as an ironworker during approximately the last 1½ years of their marriage. As an ironworker, Mr. Hepner made $279 per week. Mr. Hepner also managed his parents' ice business during the summer of 1974 and drew $100 per week for four weeks as compensation. During the course of their marriage, the Hepners did not own any real estate. At the time of the termination of their marriage, the major items of personal property which had been acquired during the course of the marriage amounted to the furniture and furnishings at the marital residence, a 1971 Ford pickup truck, 1974 Mercury Cougar, a snowmobile and a canoe.

According to the testimony of Mrs. Hepner, she was employed as a legal secretary during the entire course of the marriage and her net take-home pay at the time of her testimony was $95 per week. Mrs. Hepner brought approximately $1,200 into the marriage and used the money to purchase a truck for Mr. Hepner and as a down payment on household furniture. During the course of their marriage, Mrs. Hepner purchased approximately $3,000 worth of furniture and made payments of $116 per month on her personal automobile, a 1974 Mercury Cougar.

A divorce was awarded plaintiff on account of the mental cruelty of defendant. No issue was raised on this appeal concerning the misconduct of the defendant. This appeal arises from paragraph 6 of the decree which provides:

> "6. In lump sum satisfaction of alimony, that is, in lieu of, and in discharge of, any and all obligations of Defendant to provide a contribution to Plaintiff's support he shall pay the following sums to Plaintiff (such amounts being income and taxable to wife and a deductible expense to husband):
>
> A. $381.00 (her attorney's fees and costs).
>
> B. $60.00 per week to Plaintiff through the Circuit Clerk's Office for the space of one year not terminable in the event of any re-marriage."

The decree of divorce was amended on August 11, 1975, by the addition of the phrase "terminable, however, in the event of the death of either party" after the word "re-marriage" in Paragraph 6-B.

According to the defendant the court erred in ordering the defendant to pay alimony in gross because the plaintiff introduced insufficient evidence to justify the award of alimony. Section 18 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 19) provides:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife, husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be

fit, reasonable and just \* \* \* The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."·

■■ Alimony is not mandatory where a wife is granted a divorce based on the misconduct of the husband. (*Fox v. Fox*, 129 Ill. App. 2d 209, 262 N.E.2d 607.) The statutory test as quoted above is what the court in its discretion determined is "fit, reasonable and just" and "equitable." The determination of the amount of alimony to be awarded is a decision which rests within the sound discretion of the trial court, and the award is not to be set aside unless it is contrary to the manifest weight of the evidence. *Hoffman v. Hoffman*, 40 Ill. 2d 344, 239 N.E.2d 792.

The amount to be paid to a wife for attorneys fees, and alimony is subject to the discretion of the court. Factors to be considered in determining the various amounts include the conditions of life of the parties, the circumstances of the respective parties, the ability of the husband to pay, the income of the husband and wife, the situation in life of the parties as they have heretofore lived, the nature of misconduct of the husband and the need of the wife. As findings and reasons for its award of alimony in gross, the trial court indicated "that a substantial disparity of income exists between the parties, favoring Defendant, and that Plaintiff has not resumed living with her parents but is endeavoring to maintain an apartment and support herself." The trial court further went on to·say that, "considering the evidence and equities involved, however, it is of the opinion that the alimony ordered is not punitive, is measured upon reasonable needs of the wife and husband, and should not cause financial difficulties and personal embarrassment of the husband. And further, it should fairly allow Defendant to resume a reasonable standard of living and enjoy reasonable peace of mind."

■■ From a review of the facts it is our opinion the reasoning of the court is amply supported by the evidence. No abuse of the trial court's discretion has been demonstrated.

■■ With respect to the award of attorneys fees it should be noted the item was included as alimony in gross and what we have heretofore said is of course applicable to the award as a whole without regard to the manner of computation. In any event we are not disposed to disturb the finding of the trial court on this issue even if it be entitled to separate consideration.

For the foregoing reasons the decree of the circuit court of La Salle County is affirmed.

Decree affirmed.

ALLOY, P. J., and STENGEL, J., concur.