(No. 33609.—

LOUISE MIEZIO, Appellee, *vs.* CASIMIR A. MIEZIO, Appellant.

*Opinion filed September 23, 1955.*

THOMAS M. TRACEY, and G. A. BOSOMBURG, both of Chicago, for appellant.

FRANK MOLAND, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A decree of the superior court of Cook County, entered in accordance with a jury verdict, awarded a divorce to Louise Miezio from her husband, Casimir A. Miezio, upon the ground of extreme and repeated cruelty. The decree reserved jurisdiction to determine questions of alimony, custody and support of the children, and attorney's fees. These matters were referred to a master and thereafter a decree was entered which granted custody of the two children to the wife, awarded her, by way of permanent alimony, exclusive ownership of the home which had theretofore been owned by the parties jointly, and taxed fees and costs to the husband. He appeals from this decree. A freehold is involved.

The defendant contends that the decree awarding his interest in the home to the plaintiff was not warranted by the pleadings or by the evidence. So far as the pleadings are concerned, the complaint alleged joint ownership of the property and prayed "That defendant may be compelled to make proper and suitable provision for the support and maintenance of the plaintiff and her minor children in accordance with the statute in such case made and provided." Since the amendment of section 18 of the

Divorce Act in 1949 the statute expressly provides, "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by instalments as settlement in lieu of alimony, as the court deems equitable." (Ill. Rev. Stat. 1953, chap. 40, par. 19.) Since the enactment of this amendment, the allegations and proof of special equities or circumstances which were formerly necessary to sustain a conveyance under section 17 of the Divorce Act (see *Ward* v. *Sampson*, 395 Ill. 353; *Anderson* v. *Anderson*, 380 Ill. 435) are no longer required. (*Persico* v. *Persico*, 409 Ill. 608.) The allegation of joint ownership of the property, coupled with the reference to the statute in the prayer for relief, were sufficient, in our opinion, to sustain the decree.

So far as sufficiency of the proof is concerned, the evidence shows that defendant failed to pay real estate taxes on the property for the years 1951, 1952 and 1953. He also failed to pay special assessments and to meet the payments upon the small remaining balance of the mortgage. He was heavily in debt to his mother, to a loan company, to his own attorney, and his wife's attorney. He had also failed and refused to supply plaintiff with food and clothing since 1950.

It is true that plaintiff stated she was not asking for alimony for herself, "Not as long as I work," and that she did not contemplate leaving her employment soon. But she also testified that she would like to leave her employment in order to rear and educate the children, and that in the event she was not employed she wanted defendant to pay her alimony. Both the master and the chancellor were of the opinion that she should receive an award, and that under the circumstances an order for regular weekly or monthly payments would be unworkable and unsatisfactory. We share that opinion.

The defendant also argues that the evidence establishes that to award custody of the children to the mother, as the decree did, is contrary to their best interest. The record is lengthy and explores in detail the relationship of the parties since their marriage. No useful purpose would be served by setting forth the complete history, and we shall mention only the more significant of the matters argued by the defendant.

He insists that because of alleged improper conduct on the part of plaintiff in August of 1948, custody of the children should be denied her. Later in that year, defendant brought an action for divorce against plaintiff in the circuit court of Cook County based upon the same alleged misconduct. A trial resulted in dismissal of defendant's divorce action in 1950. Apart from the fact that the question of plaintiff's improper conduct in 1948 appears to have been litigated and decided adversely to defendant four years before the present hearing, a thorough review of the conflicting testimony satisfies us that the master and the chancellor were warranted in declining to find that it afforded a basis for denying custody of the children to plaintiff.

Plaintiff and defendant, who were of different religious faiths, had disagreed over the religious instruction of the children. Defendant's witness testified, however, that the plaintiff had little, if any, objection to the baptism of the children into their father's church, but was disturbed by the fact that she had not been advised of their baptism in advance. Neither the master nor the chancellor was impressed by defendant's claim that plaintiff had interfered with the religious training of the children.

In awarding custody of minor children to one parent or the other, the paramount consideration must necessarily be the welfare and best interest of the children. (*Nye* v. *Nye*, 411 Ill. 408; *Buehler* v. *Buehler*, 373 Ill. 626.) Although the discretion of the trial court in matters relating to the custody and support of minor children is a

judicial one and subject to review, (*Nye* v. *Nye*, 411 Ill. 408,) the determination should not be disturbed upon appeal unless manifest injustice has been done. (*Buehler* v. *Buehler*, 373 Ill. 626.) In this case the record shows that the defendant made it difficult for the plaintiff to perform her duties as a mother. He did not support the plaintiff in any degree since his earlier complaint for divorce was dismissed by the circuit court of Cook County in 1950. Since that time the plaintiff has had to work on a full-time basis. Indeed, except when pregnancy made it impossible for her to work, she has been employed on a full-time basis during a large part of her married life. In 1948 the defendant brought his mother to live in the house. Since then he and his mother, and one of the children, on an alternating basis, have occupied the upstairs, while the plaintiff and the other child occupied the downstairs. Although they lived in the same house, the parties have not lived together as husband and wife since December of 1947. The master saw and heard the parties during the course of numerous hearings, and his findings were approved by the chancellor. Upon the record before us we see no reason to disturb them. *Brainard* v. *Brainard*, 373 Ill. 459.

The decree taxed the master's fees and charges, and stenographer's charges, as costs against the defendant. Defendant contends that all costs should be assessed against plaintiff largely because "she is gainfully employed and better able to pay said costs." A jury found defendant guilty of extreme and repeated cruelty, as charged by plaintiff in her complaint. Defendant does not challenge the decree awarding plaintiff a divorce, and its propriety is not before us. The master to whom the reserved questions of custody and support of the children, permanent alimony for plaintiff and attorney's fees were referred found that the equities in the case were with the plaintiff and against defendant, and that plaintiff had established her case. The awarding of costs in divorce actions is not a matter of

right, but rests in the sound discretion of the court. We find no abuse of discretion by the chancellor in ordering defendant to pay all costs. *Ylonen* v. *Ylonen*, 2 Ill. 2d 111.

The abstract filed in behalf of the defendant is so grossly unfair that we have seriously considered whether or not it should be stricken, and the decree affirmed for want of a proper abstract. It italicizes throughout that testimony which the defendant regards as favorable, and it flatly misrepresents the record in at least two instances. Inaccurate and misleading abstracts will not be tolerated.

The decree of the superior court of Cook County is right, and it is affirmed.