(No. 36867.—

CLARA BERNIECE SMOTHERS, Appellee, *vs.* PAUL W. SMOTHERS, Appellant.

*Opinion filed May 25, 1962.*

C. ROBERT HALL, of Cairo, for appellant.

LANSDEN & LANSDEN, of Cairo, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Clara Berniece Smothers was granted a divorce from her husband, Paul W. Smothers, in the circuit court of Alexander County. The husband appeals, the cause coming direct to this court because a freehold is involved. He contends (1) that the court exceeded its power in ordering him to convey to the plaintiff his interest in a house owned by the parties jointly, and (2) that because the complaint was filed before expiration of 60 days from the time defendant entered his appearance, there was no jurisdiction to enter a decree.

The divorce was granted on the ground of cruelty, and there is no dispute about the sufficiency of the evidence on this issue. In support of his contention that the award of real estate was unwarranted, defendant argues that there is no allegation and proof of special circumstances and existing equities. Section 18 of the Divorce Act provides that "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by instalments as settlement in lieu of alimony, as the court deems equitable." (Ill. Rev. Stat. 1959, chap. 40, par. 19.) Under these provisions the allegations and proof of special equities or circumstances which would be necessary to compel a conveyance under section 17 are not required. (*Miezio* v. *Miezio,* 6 Ill.2d 469.) In the case at bar the court could reasonably deem the conveyance an equitable one, as a settlement in lieu of alimony. The evidence shows defendant failed to support the plaintiff, that she worked, paid the bills at home and gave him money to put on the property. It appears that on the entire record an order for periodical alimony payments would not be feasible, and we think the award of the jointly owned real estate is justifiable under section 18 of the Divorce Act even though not specifically prayed for in

88

the complaint. *Miezio* v. *Miezio*, 6 Ill.2d 469; *Doyle* v. *Doyle*, 268 Ill. 96.

The contention with respect to the impropriety of waiving the 60-day-cooling off period must also be rejected. Upon motion made prior to filing of the complaint the court granted the plaintiff leave to file the complaint instanter and ordered a writ of injunction to issue restraining defendant from molesting her. Defendant insists that the order waiving the waiting requirement was beyond the power of the court because the motion was not supported by the requisite affidavit, and that the court had no jurisdiction to enter the subsequent decree. Since the suit was brought the statute has been amended so as to eliminate the requirement upon which defendant relies. Section 6c provides that the amendments "shall take effect September 1, 1961 and shall apply to and govern the practice and proceedings in all cases then pending." (Ill. Rev. Stat. 1961, chap. 40, par. 7e.) The error, if any, has been cured and can provide no basis for reversal.

No prejudicial error has been shown, and the decree is therefore affirmed.

*Decree affirmed.*