(No. 37800.—

WILLIAM T. SIMPSON, Appellee, *vs.* SARAH SIMPSON, Appellant.

*Opinion filed September 27, 1963.*

LOUIS BEASLEY, of East St. Louis, for appellant.

SYLVESTER L. CARTER, and ROBERT H. RICE, both of East St. Louis, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Sarah Simpson, defendant in a divorce suit, appeals from a decree of the city court of East St. Louis granting her a divorce on her counterclaim grounded upon her husband's desertion but awarding the husband, William T. Simpson, all of the real estate and household furnishings upon his payment to her of $5,000 as a property settlement in lieu of alimony. The husband was also ordered to pay the wife's attorney's fee of $300, and the costs of the proceeding.

It is here argued that the trial court erred in awarding the husband all of the real estate and personal property, and we are asked to remand the case with directions to enter the decree presented by the wife following the June 20, 1962, hearing, and such additional directions as we deem proper. Our jurisdiction on direct appeal rests upon the fact that the disposition of a freehold is involved.

We are handicapped in our consideration of the errors alleged to have occurred by the absence of a complete report of proceedings. From the record before us it appears that the husband commenced the action on November 22, 1960, by filing a *praecipe* for summons, service upon the wife resulting on November 30, 1960. No complaint followed, but a counterclaim was filed on September 8, 1961, and, on April 18, 1962, a motion to default the husband was filed. On June 20, 1962, a hearing was held upon the counterclaim, at the conclusion of which the judge announced he would grant the wife a divorce on the grounds of desertion, but wanted more information as to the defendant's property interests before ruling on those questions. There is no report of proceedings of any subsequent hearing, but it appears from the decree entered on December 7, 1962, the motion by the wife to vacate this decree, and the docket entries made by the judge, that the case was, on June 20, 1962, continued as to the property questions, and that a further hearing was held on August 27, 1962, at which evidence relating to the property settlement was heard and the matter taken under advisement until December 7, 1962, when the decree was entered.

There is no question as to the sufficiency of the proof at the June 20th hearing as to desertion by the husband, the fact that no children were born to the marriage, and that the wife's income was $42 per week from her employment as a factory worker. The wife also testified that the parties owned "the property" where she lives and "the property across the street where he lives", "three lots in

the County", "a confectionery", "laundromat", "a Ford and 1961 Cadillac", "juke boxes", and furniture; there is no indication as to the nature of the individual interests in most of this property, no testimony as to value thereof, indebtedness thereon, income therefrom, nor specific testimony as to the husband's earnings. At the conclusion of the hearing her counsel indicated she was asking the court to award her her residence, furniture, the Ford car, $100 per month alimony and attorney's fee. No testimony was presented on behalf of the husband.

The December 7th decree found the value of the improved real estate owned by the parties to be $12,000 with a mortgage indebtedness aggregating $8,000; that the husband was heavily indebted, owing approximately $27,-000. The court further found it impractical to divide the property in kind, and that, in lieu thereof, the payment of $5,000 to the wife, as a complete settlement of all property and alimony claims, was fair and reasonable. It is therefore obvious that the trial court's findings were based on the evidence at the August 27th hearing not now before us.

While the wife now complains of the lack of equity in the property division ordered by the court, her *praecipe* for record did not request a report of the proceedings of August 27, 1962, and we therefore do not have before us the evidence upon which the trial judge based his findings. Accordingly, we can only determine whether the court had the power to rule as it did on the property rights. If the power existed, we must presume that the manner of its exercise was justified by the evidence at the August 27, 1962, hearing. *Kennard* v. *Curran,* 239 Ill. 122, 131; *People ex rel. Williams* v. *Glasgow,* 301 Ill. 394, 395; *People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382, 384.

The wife's argument relating to the trial court's lack of power to order the conveyances here required is predi-

cated upon the absence of a complaint alleging special equities or circumstances and sustaining proof. It is true that the cases cited by her do hold that such allegations and proof thereof are necessary under section 17 of the Divorce Act (Ill. Rev. Stat. 1961, chap. 40, par. 18) before the court may compel a conveyance of real estate for any claim arising solely out of the marriage relation, (*Cross* v. *Cross*, 2 Ill.2d 104, 108-9), since section 17 was designed to enable the court to settle and divide the property rights of the parties. (*Savich* v. *Savich*, 12 Ill.2d 454, 459.) However, section 18 of the act (Ill. Rev. Stat. 1961, chap. 40, par. 19,) provides a separate authorization for compelling the conveyance of property as between spouses as an incident to a settlement in lieu of alimony, and, under this section, no allegations and proof of such special circumstances as would be necessary under section 17 is required, (*Smothers* v. *Smothers*, 25 Ill.2d 86, 87,) the statute simply authorizing such order "as the court deems equitable". Clearly, then, the property disposition here ordered was one which the court was empowered to make under the statute.

The wife additionally argues that the court should have entered the decree tendered by her counsel at the conclusion of the June 20th hearing. Sufficient answer lies in the fact that the tendered decree found the husband guilty of adultery, which the court specifically found at the conclusion of the hearing had not been proved, and disposed of the property interests on which the court had indicated he did not feel sufficiently advised. It is readily apparent that the sketchy testimony presented to the court on June 20th as to property values, net worth, income and employment of the husband was wholly inadequate as a basis for decision, and that the court was justified in continuing the case for further proof.

Since the decree here complained of was within the power of the court to enter, and, since the wife has, by

failing to bring before us the evidence upon which the decree is based, precluded us from assessing the propriety of the order, we have no alternative except to sustain the lower court.

The decree of the city court of East St. Louis is therefore affirmed.

*Decree affirmed.*