**Josephine Dmitroca, Plaintiff-Appellee v. Aleksander Dmitroca, Defendant-Appellant.**

**Gen. No. 66–78.**

Second District.

February 2, 1967.

Cannariato, Nicolosi and Pigatti, of Rockford, for appellant.

Miller, Thomas, Hickey and Collins, of Rockford, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Josephine Dmitroca was granted a decree of divorce from Aleksander Dmitroca on September 29, 1965, on the ground of cruelty with the questions of alimony and property rights reserved for further hearing. At the conclusion of that hearing, on February 3, 1966, the court awarded the real property to the wife "in lieu of alimony." The husband appeals, claiming that no alimony award was proper under the facts; so that an award in lieu of alimony was not justified under section 18 of the Divorce Act (Ill Rev Stats 1965, c 40, § 19). He also claims that the conveyance of the entire property was not justified under section 17 of the Divorce Act (Ill Rev Stats 1965, c 40, § 18) since the husband, in any view of the evidence, contributed one-half of the down payment for the house, held in joint tenancy.

No question is raised as to the validity of the divorce.

From the record, it is undisputed that the parties were married in 1947; that the house was purchased in 1955 for $14,500 in both names; that the down payment was $6,000, of which $4,000 was paid by the parties in cash, with the balance of $2,000 on a note payable to

the sellers, which was paid off within one year from joint funds.

The wife testified that she made all mortgage payments thereafter, together with all taxes and insurance premiums, out of her own earnings from her employment. The parties had no checking account and the wife made all payments in cash. While both worked, she consistently made more money than her husband. One year she made $5,100 and he made $2,600. However, the documentary evidence submitted at a continued hearing in the form of withholding receipts from the year 1951 through 1964 (with no document for the year 1955) shows a variance of between approximately one thousand to two thousand in the annual earnings of the parties. A new gas furnace which cost $660 was paid for in cash out of both of their earnings, as were aluminum awnings for $900, and aluminum doors for $108. They bought furniture and TV sets.

She paid $120 from her own money for eaves and downspouts. Each had a car, hers costing $1,700, was paid out of her own earnings each month; his was paid from earnings of both. The husband gave her $50 a week which was used mostly for himself for gasoline, cigarettes and clothes. Almost every week he took the $50 back in various portions. His paychecks were always cashed before he came home and she never saw one. He drank every day and played poker over several years. He had been expelled on many occasions from the Polish Falcons Club for being drunk.

She separated the money by keeping his in a box and paid the car and the house payments from her own earnings.

The husband's testimony substantially corroborated the wife's except that he claimed he gave her his checks and they were sometimes $60 to $80 a week. However, the checks were subpoenaed and showed that all of his some

300 checks, with the exception of four or five (which were endorsed to the seller of the house) were cashed at various taverns. None showed an endorsement of the wife. He testified that he had earned $65 or $70 a week for the past two years and presently was earning over $100 a week.

The court found "that the equities are in favor of the plaintiff . . . and that she should be awarded the aforesaid real property in lieu of alimony."

■■■ The criteria to be followed by courts in determining alimony where both parties have income have been consistently stated in many decisions: the allowance of alimony is to furnish the wife support or contribute to her partial support. Buehler v. Buehler, 373 Ill 626, 27 NE2d 466 (1940); while there is no hard and fast rule as to the amount to be awarded, the court may consider the age, health, property and income of the parties and also the nature of the husband's misconduct as a circumstance and not as a punishment. Byerly v. Byerly, 363 Ill 517, 2 NE2d 898 (1936). The wife's annual income is to be added to that of the husband, all of the circumstances as to her allowance out of this aggregate are to be considered, her separate income is to be deducted, and she is to be awarded the remainder. Gilbert v. Gilbert, 305 Ill 216, 137 NE 99 (1922); Decker v. Decker, 279 Ill 300, 116 NE 688 (1917). It is recognized that where the entire record shows that an order for periodic payment of money alimony is not feasible, the court may award jointly held real property in lieu of alimony under Section 18 of the Divorce Act as the court may deem equitable without requiring a showing of "special equities," and considering that the husband is thereby relieved of all future claim for alimony. Simpson v. Simpson, 29 Ill2d 49, 193 NE2d 10 (1963); Smothers v. Smothers, 25 Ill2d 86, 182 NE2d 758 (1962); Miezio v. Miezio, 6 Ill2d 469, 129 NE2d 20

(1955); Doody v. Doody, 28 Ill2d 191, 190 NE2d 734 (1963).

■ ■ The husband's argument that the wife is not entitled to any allowance of alimony because she earned consistently more that the husband is without merit. It may be fairly inferred from the record that the trial court reached its result by properly applying the criteria of the foregoing cases to equitably protect a wife who was entitled to contribution to her support from a husband able to contribute but whose past conduct would permit no security for periodic money payments. The amount of the award could not be considered unreasonable in view of the evidence that the property was substantially acquired and paid for through the efforts and contributions of the wife from her separate earnings over many years, and due to her thrift and diligence.

The same result might also have been reached under section 17 of the Divorce Act in view of this evidence. In Tuyls v. Tuyls, 21 Ill2d 192, 171 NE2d 779 (1961) with evidence that at least 80% of the down payment on the real estate was contributed by the wife, together with most of the family income during the marriage, that sums received by the husband were largely devoted to his own pleasures, an award of the real property to the wife was upheld.

In Vesolowski v. Vesolowski, 403 Ill 284, 85 NE2d 695 (1949), a divorce decree gave to the wife a business property theretofore held jointly by the husband and wife under evidence that the down payment had been realized from the proceeds of the sale of a joint business, and from the wife's savings. She made subsequent mortgage payments from the profits of the business which resulted from her work while her husband was addicted to alcohol.

The trial court was in a better position than a reviewing court, after observing the witnesses and examin-

ing the documentary evidence, to properly determine a proper award and to adjust the equities in the property between the parties, and his findings under either section 17 or 18 of the Divorce Act are supported by the record.

Affirmed.

ABRAHAMSON and MORAN, JJ., concur.