**Marie Beatrice Honey, Plaintiff-Appellee, v. John Perry Honey, Defendant-Appellant.**

**Gen. Nos. 11,061, 11,084. (Consolidated.)**

Fourth District.

February 17, 1970.

Rehearing denied March 24, 1970.

John A. Lambright, of Danville, for appellant.

Wright & Young, of Danville (William A. Young, of counsel), for appellee.

TRAPP, J.

Defendant appeals from a decree which granted a divorce to his wife upon the grounds of physical and mental cruelty, and awarded alimony *in gross* in the sum of $36,500. He also appeals from an order awarding temporary alimony in the sum of $50 per week pending appeal. The appeal from the latter order was consolidated with the principal appeal.

Plaintiff filed a complaint for separate maintenance on November 18, 1966, alleging that the parties had been living apart since October 4, 1966. On September 5, 1967, the complaint was amended to pray for divorce with al-

legations purporting to allege mental cruelty, with the further allegations of physical cruelty. A subsequent amendment alleged desertion.

Defendant's motion to the first amended complaint pointed out that the statute constituting mental cruelty as a grounds for divorce was not in effect until July, 1967, after the parties had been separated some nine months. There are no allegations of acts of the quality of mental cruelty during the period of separation. The amendment in question, c 40, § 1, Ill Rev Stats 1967, creates a cause of action or substantive right not theretofore existing, and, absent legislative provision to the contrary, should not have a retroactive effect.

The award of divorce, however, may be sustained upon the evidence of acts of physical cruelty. The defendant argues that a condonation of the cruelty was shown in the record. It has long been the rule that condonation is an affirmative defense which must be pleaded. Lipe v. Lipe, 327 Ill 39, 158 NE 411; Roback v. Roback, 59 Ill App2d 222, 207 NE2d 130. We find no allegation of condonation in the answer filed by the defendant. In the event the court found credible evidence that defendant had made threats against the plaintiff while defendant was gesticulating with a shotgun. Such conduct is shown in the record to have occurred just prior to the separation of the parties.

The defendant urges that the trial court dismissed plaintiff's count for desertion and that such constituted a finding that the plaintiff had no grounds for leaving home and that, ergo, she is, in fact, guilty of desertion. Upon such premise it is argued that plaintiff is not entitled to a divorce upon the ground of physical cruelty. He cites authorities upon the separate propositions. The chain of logic is pulled apart, however, by the terms of the decree, i. e., that upon the execution of the

104

decree for divorce upon the grounds of cruelty the count for desertion is to be dismissed. Such provision constitutes an administrative disposition of the count when determination of its merits was no longer relevant to the proceedings.

The trial judge announced that he believed that the plaintiff was entitled to one-half of the property accumulated during the marriage as alimony *in gross*. This was fixed in the sum of $36,500.

■ ■  We conclude that plaintiff's counsel persuaded the court to adopt the wrong standard in determining the award of alimony. The measure of alimony is the need of the wife considered in connection with the ability of the husband to pay. Adams v. Adams, 398 Ill 581, 76 NE2d 495; Chalmers v. Chalmers, 31 Ill App2d 1, 175 NE2d 613; Still v. Still, 96 Ill App2d 320, 238 NE2d 613. In Chalmers the court noted that together with the needs and abilities of the party, the court should consider their respective ages, their health and social conditions and whether or not a party was supporting children. The record shows that these factors were not the basis of the award. In Schwarz v. Schwarz, 27 Ill2d 140, 188 NE2d 673, and McGaughy v. McGaughy, 410 Ill 596, 102 NE2d 806, it is said that the usual and proper procedure is to award alimony in periodic payments for the factors of the respective need and abilities of the party then remain within the control of the court. In Dmitroca v. Dmitroca, 79 Ill App2d 220, 223 NE2d 545, it is said that alimony *in gross* may be awarded where the entire record shows that periodic payments are not feasible, as where the record shows that a spouse does not pay his bills or will not work, Smothers v. Smothers, 25 Ill2d 86, 182 NE2d 758; Miezio v. Miezio, 6 Ill2d 469, 129 NE2d 20; or where the husband was regularly intoxicated and refused to work, Persico

105

v. Persico, 409 Ill 608, 100 NE2d 904; or again, where the husband's occupation was so hazardous that he might not be able to continue to produce income, Rodely v. Rodely, 28 Ill2d 347, 192 NE2d 347. While the complaint alleged that the defendant was concealing, or would conceal his property to avoid paying alimony, there is no suggestion of such conduct in the record.

■ Defendant appeals from the award of temporary alimony in the sum of $50 a week, arguing that there was no evidence of plaintiff's needs which supports such award. It is true that she did not appear or testify upon the motion for temporary alimony. Defendant argues that the only evidence upon her needs was testimony at the time of the divorce hearing some seven months prior to this award. The contention is without substantial merit. The award of temporary alimony was made on July 23, 1968. A hearing on March 6, 1968, disclosed the wife's then employment and living arrangements. There is no claim that the situation had altered or been improved at the time of the award.

The decree for divorce and the award of temporary alimony are affirmed, but the award of alimony *in gross* in the sum of $36,500 is reversed, and the cause is remanded for further hearing upon the needs and abilities of the respective parties.

Affirmed in part, reversed in part.

CRAVEN, P. J. and SMITH, J., concur.