GRACE E. OVERTON, Plaintiff-Appellee, *v.* CHARLES E. OVERTON, Defendant-Appellant.

(No. 71-102;

Second District—July 14, 1972.

*Rehearing denied September 20, 1972.*

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

Frank Wesolowski, Jr., of Wheaton, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This appeal is taken from decree entered in a contested divorce action. Appellant husband contends the trial court erred in finding him guilty of adultery and in ordering all his property divided, or sold and the net proceeds divided, equally between the parties and additionally ordering him to pay periodic alimony.

Concerning grounds for divorce, the decree found that each party's allegations had been proven. The wife's complaint alleged the husband's adultery, and the husband's counterclaim alleged the wife's physical cruelty. Neither party complains in this appeal of the dual factual finding. No useful purpose would be served by reiterating the allegations of each party to their unhappy marital life.

■■ Defendant contends that the plaintiff failed to meet the burden of proof required for the charge of adultery. While the evidence adduced on this issue is not overwhelming, this court feels that this is an issue of fact for the determination of the trial court. Without reiterating the facts in this regard, sufficeth to say this court will not substitute its opinion for that of the trial court unless such finding is clearly and manifestly against the weight of the evidence. The cases in Illinois in this regard are too numerous to require citation. (See 3 Ill. Digest Appeal and Error, Sec. 1008, 1009.) We find that the finding of the trial court on this issue of adultery was not clearly and palpably erroneous.

We now consider the property division between the parties which was ordered by the trial court in a supplemental decree. Mrs. Overton's complaint alleged special circumstances and equities, asking transfer of legal title to property rightfully and equitably belonging to her.

The parties were married in 1942. Mrs. Overton was employed for a

year or two about the time her husband was in military service and saved about $1000. After returning to civilian life, he worked on a farm, did carpentry, and started his own contruction work, building a number of houses they occupied and subsequently sold, the title being in joint tenancy. Mr. Overton bought, sold, and subdivided other real estate and worked as a general contractor. About 1961, because of a business transaction exposing him to liability, all real property was placed in a land trust, his wife was sole beneficiary and he had sole power of direction. She knew properties were bought and sold through the trust but did not enter into the business aside from answering her husband's business phone which was in the home, making entries, and balancing sheets for the bookkeeper.

Prior to leaving the marital home in 1968, her only outside employment since 1948 was a period of two months work at a health resort and four or five months at a Jewel Tea store. At the time of the hearing, she was working for a bank earning about $4000 yearly.

Mr. Overton's income tax returns indicated that from 1965 through 1969, his annual average gross income was $2670 and his annual wage income was $1488. He had accumulated substantial property, however, owning real estate appraised at a gross total value of $240,000, some pieces subject to mortgages totaling approximately $71,500, and business equipment which included several trucks and tractors. He had liabilities consisting of outstanding debts aside from the mortgages, accumulated real estate taxes, and attorney fees and costs for the divorce. According to his own exhibit, his net worth was about $158,000.

The trial judge observed that buying, developing, and selling real estate was Mr. Overton's business and that most pieces of real estate were business assets. He considered the matter thoughtfully on the basis of the testimony and various exhibits, offering three alternative suggestions for the agreement of the parties, but none were accepted. He stated he would therefore order that all property remain in the trust until liquidated over a period of two years, that Mr. Overton pay his former wife child support and $90,000 as alimony in gross and settlement of all claims for alimony, without interest, asking the attorneys to prepare the supplement to the decree. In response to counsel's question, the trial judge said this meant Mr. Overton would have to pay all the capital gains, taxes and all the expenses of sale. However, at oral argument before this court, counsel for plaintiff agreed that Mrs. Overton was responsible for capital gains tax on her share of the proceeds from the sale of the various parcels of real estate.

Some months later, the trial judge wrote to the attorneys saying he had again reviewed the matter and was outlining somewhat revised pro-

visions to be incorporated in the supplement to the decree, and the following supplemental decree was entered in pertinent part:

"1. That all of defendant's business equipment, including motor vehicles, motorcycles, boats, etc., are to be appraised by two appraisers, one to be appointed by the plaintiff and one by the defendant, and after the appraisal one-half of the appraised value is to be paid to the plaintiff by the defendant.

2. That all the furniture and liquidated assets, such as, bank accounts, stocks, bonds, etc., if any, are to be equally divided between the parties.

3. That the plaintiff, Grace E. Overton, has an undivided one-half (½) interest in all of the real estate owned by the parties, including any real estate held in trust wherein the defendant, Charles E. Overton, is designated the beneficiary. All said real estate shall be sold and the net proceeds divided equally between the parties.

4. That the sale price of said real estate is to be fixed by the parties and in the event they cannot agree, the price is to be fixed by the Court.

5. In order to provide for an orderly sale of these properties, It Is Ordered that no less than twenty-five per cent (25%) of said real estate be sold within six (6) months after the entry of this Supplemental Decree for Divorce; twenty-five per cent (25%) of said real estate to be sold within one (1) year; twenty-five per cent (25%) within eighteen (18) months and the balance within two (2) years after the entry of this Supplemental Decree for Divorce, unless by stipulation these terms are modified by the agreement of the parties hereto or by Order of this Court.

6. That the defendant shall pay to the plaintiff the sum of Two Hundred Dollars ($200.00) per month as alimony, payable semi-monthly commencing January 1, 1971."

■■ Both the form and amount of alimony rest primarily in the discretion of the trial court. (*Canady v. Canady* (1964), 30 Ill.2d 440, 444, 197 N.E.2d 42.) It usually takes the form of periodic payments which can be modified to meet changing circumstances, but the General Assembly has recognized there are situations where such an award may not fully achieve a fit, reasonable and just result and has consequently authorized the court to require one party to pay or convey to the other in gross or by installments as settlement in lieu of all alimony, as the court deems equitable. Sec. 18 of the Divorce Act, Ill. Rev. Stat. 1969, ch. 40, par. 19, and *Canady, supra.*

■■ More is required to justify compelling a conveyance of property under Sec. 17 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 18.)

Special circumstances and equities must be alleged and proven, such as the contribution of money or services other than those normally performed in the marriage relationship which has directly or indirectly been used to acquire or enhance the value of the property. The rights and interest a wife has in the property of her husband by virtue of the marriage relation alone will not support a conveyance of property under Sec. 17 of the Divorce Act. *Everett v. Everett* (1962), 25 Ill.2d 342, 185 N.E.2d 201.

■■ The evidence of Mrs. Overton's contribution of $1000 in savings, several months outside employment over a period of twenty years, and assistance in answering the phone and making entries is too minimal, in our opinion, to justify conveyance to her of one-half of all the property, including business assets and equipment, under Sec. 17 of the Divorce Act, Ill. Rev. Stat. 1969, ch. 40, par. 18.

■■ As we have said, the allegations and proof of special equities and circumstances so essential to compel a conveyance under Sec. 17 of the Divorce Act, (Ill. Rev. Stat. 1969, ch. 40, par. 18), are not required under Sec. 18, Ill. Rev. Stat. 1969, ch. 40, par. 19. (*Simpson v. Simpson* (1963), 29 Ill.2d 49, 193 N.E.2d 10, *Smothers v. Smothers* (1962), 25 Ill.2d 86, 182 N.E.2d 758.) The trial judge discussed a division of property between the parties in terms of alimony in gross or a settlement in lieu of alimony although it was not so designated in the Supplemental Decree ultimately entered. The concurrent award of periodic alimony also contained therein is inconsistent with the concept of alimony in gross which relieves the spouse of all future claims for alimony. The award of alimony in gross or in lieu of alimony relieves the defendant from the payment of alimony. (*Fox v. Fox* (1970), 129 Ill. App.2d 209, 262 N.E.2d 607; *David v. David*, 102 Ill.App.2d 102, 109, 243 N.E.2d 485; *Dmitroca v. Dmitroca* (1967), 79 Ill.App.2d 220, 223 N.E.2d 545.) For a definitive distinction between "periodic alimony" and "alimony in gross", attention is directed to *Walters v. Walters* (1951), 409 Ill. 298, 99 N.E.2d 342; *Jacobson v. Jacobson* (1964), 50 Ill.App.2d 244, 200 N.E.2d 379; and *Roberts v. Roberts* (1967), 90 Ill. App.2d 194, 234 N.E.2d 372.

● 9 Section 18 of the Divorce Act, cited above, provides in pertinent part:

"When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife * * * from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just * * *. The court may order the husband * * * to pay to the other party such sum of money, or convey to

the party such real or personal property, payable or to be conveyed either *in gross* or by installments as settlement *in lieu of alimony,* as the court deems equitable." (Emphasis supplied.) Ill. Rev. Stat. 1969, ch. 40, par. 19.

Paraphrasing this statute it simply states that the court may order payment of periodic alimony subject to future modification or may order a definite amount of property conveyed, or the proceeds thereof paid, in lieu of alimony. The statute is in the alternative. The court may do either, but it may not do both. Here, the court decreed that the plaintiff receive one-half of all of defendant's assets including even the tools of his trade, a sum in the neighborhood of $80,000, and that in addition he pay alimony. Such a finding is not proper.

The length of the marriage and its anquished deterioration, the husband's substantial net worth but very low and irregular yearly income, as well as evidence the real property was originally conveyed into a trust to insulate him from liability arising from a business transaction, indicate that alimony in gross or by installments as settlement in lieu of all alimony is entirely feasible and equitable in this case.

We therefore approve what we perceive to be the concept of the trial judge, that is, to effect an equal division of the property of the parties. To be equitable, this must be an equal division of net worth. In order that this may be accomplished, suitable modification of the Supplemental Decree is required. Provisions 1, 2, 3, 4 and 5 seem to prescribe an equal division but do not take into account sizeable accrued and potential liabilities, other than real estate mortgages, which shall be considered in arriving at net worth. Because of the rising value of real estate in this area and possible tax consequences, it is suggested the decree may also be modified to not require a "sale" of all real estate within a comparatively short period if an equal division of net worth can otherwise be achieved. Provision 6 awarding Grace Overton alimony of $200 per month must be eliminated entirely. The modified decree should clearly provide that Mrs. Overton will have no claim whatsoever for alimony beyond one-half of the net worth of all property, and will be responsible for her proportionate share of any capital gains tax as agreed in oral argument before the court. Accordingly, this cause is remanded to the trial court for suitable modification of the Supplemental Decree consistent with this opinion.

Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.

T. MORAN and ABRAHAMSON, JJ., concur.