BARBARA D. HALL, Plaintiff-Appellant, *v.* LEIBY S. HALL, Defendant-Appellee.

(No. 11980;

Fourth District—April 18, 1974.

A. James Shafter and Michael J. Kehart, both of Decatur, for appellant.

Harold F. Tenney, of Decatur, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This appeal involves the sufficiency and appropriateness of a periodic alimony award in a divorce case. The parties were married in 1959. They separated in 1971. In 1972, the plaintiff-wife procured a divorce upon the grounds of mental cruelty. It was alleged or the evidence established that the defendant used profane and abusive language toward her; that he would stay out late at night without telling his wife his whereabouts; that he was often drunk or drinking heavily and he drove in this condition. By the terms of the decree of divorce the defendant was ordered to pay $1000 a month as alimony. The plaintiff sought modification of the decree by a motion filed within 30 days of its entry. Upon denial of that motion, she appeals and urges that this is a proper case for alimony-in-

gross rather than periodic alimony. She asserts that the existing special circumstances show periodic alimony to be unwise and unadvisable.

At the time of the marriage, the defendant was employed by an oil company and earned about $600 per month. During the marriage, the defendant, through his own efforts, fared very well financially. Indeed, a financial statement shows his net worth as of January 1971 to be $1,574,234.67. During the marriage the parties lived in a modest home and did not in any way live on an extravagant basis. There was difficulty between them with reference to money and the plaintiff's ability to manage the household upon the basis of the allocated funds. There is a clear indication in this record, and we see no necessity for reciting the details, that this difficulty over money and the defendant's desire to accumulate money was a substantial part of the problem and it remains practically the principal issue upon this appeal.

During the marriage the wife did not work, nor did the defendant want her to work. She is now 41 years of age and although she was engaged in voluntary charitable activities, it was not asserted that she has any particular skills for commercial employment.

The complaint in this case did not allege the existence of special equities or equitable ownership as that term is used in our Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 18), and there is no claim now made that special equities exist within the contemplation of the provisions of that section which authorizes the court to compel conveyance of property from one party to the other in the event that special equities are alleged and proved. This court discussed this issue in *Debrey v. Debrey*, 132 Ill.App.2d 1072, 270 N.E.2d 43, and we see no need for a repetition of that which we there observed.

The quoted statutory provision relates to conveyance upon the establishment of special equity. Section 19 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 19) provides and authorizes the court upon the entry of a decree of divorce to make such order touching the alimony and maintenance of the wife as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just. By this section of the statute the court is authorized to order the husband or wife to pay to the other such sum of money or convey such real or personal property as the court may deem to be equitable.

■■ The authority granted in this section is not based upon special equities in the sense of ownership but rather is based upon the existence of special circumstances which lead to the conclusion that periodic alimony, although judicially preferred, is inappropriate under the facts. An excellent article that succinctly states the difference between the power granted in these two sections is found in the Illinois Bar Journal (Jan.

1974), Neumark, *Property Rights in Divorce*, at page 242. The author distinguishes the two sections as follows:

"Whereas the genesis for a section 18 transfer is some demonstrative proof of equitable ownership in the property, no such precondition attaches to an alimony-in-gross conveyance. All that is required under section 19 is that the recipient spouse be entitled to alimony and that the conveyance be equitable in light of the surrounding circumstances. The conveyance need not, in fact, be requested by the recipient spouse so long as the record demonstrates that this form of alimony is in his or her best interests. Thus, as often is the case, a special equity claim to property which has been short-circuited either by a failure to evidence equitable merit or by a pleading defect, may still be accomplished indirectly by a court directed transfer of property as part of the gross award of alimony. Indeed many gross awards have been predicated in part on factors that closely resemble special equity considerations, even though such factors in and of themselves were imperfect to justify a conveyance under section 18. These awards suggest that special equity considerations are ambulatory and may be adopted by the court as at least a partial basis for an award of that property in gross alimony form.

Before the alimony section of the Divorce Act was amended in 1949 to provide the alimony-in-gross awards, Illinois courts had no authority whatsoever to direct transfers of property from one spouse to the other in lieu of periodic alimony. The usual practice of awarding alimony prior to the codification of the alimony-in-gross concept was to do so in such a manner that it would remain within the control of the court. This was ordinarily accomplished by providing for an award of periodic alimony payable over an indefinite period of time, modifiable after decree upon a showing of an increase or decrease of the parties' needs or ability to pay. The award of periodic alimony is still judicially preferred to alimony-in-gross because the court retains jurisdiction to make these modifying orders as they become appropriate. In the final analysis, however, it is clear that both the allowance of alimony, whether in periodic or in gross form, and its amount, rest primarily within the discretion of the court.

The property that comprises the gross award, like the special equity claim, is not confined to real estate and may be in 'money or in property, real or personal.' Furthermore, it is well to remember that the gross award package often contains several

components. It may consist not only of one or more properties, real or personal, but may in addition call for the payment of a specified sum of money in installments over a definite period of time as well." (Citations omitted.)

As noted in the cited article, alimony-in-gross is not a panacea. In *Honey v. Honey*, 120 Ill.App.2d 102, 256 N.E.2d 121, we observed that the usual and proper procedure is to award alimony in periodic payments. The factors of the respective needs and abilities of the parties then remain within the control of the court. We then discussed the cases and factual circumstances that warrant alimony-in-gross. In *Honey*, we found no circumstance that would tend to support an award of alimony-in-gross. However, we noted:

"* * * [A]limony *in gross* may be awarded where the entire record shows that periodic payments are not feasible, as where the record shows that a spouse does not pay his bills or will not work, *Smothers v. Smothers*, 25 Ill.2d 86, 182 N.E.2d 758; *Miezio v. Miezio*, 6 Ill.2d 469, 129 N.E.2d 20; or where the husband was regularly intoxicated and refused to work, *Persico v. Persico*, 409 Ill. 608, 100 N.E.2d 904; or again, where the husband's occupation was so hazardous that he might not be able to continue to produce income, *Rodely v. Rodely*, 28 Ill.2d 347, 192 N.E.2d 347." 120 Ill.App.2d at 105—106, 256 N.E.2d at 123.

Our review of the record in this case leads to the conclusion that the provision for alimony should have been an alimony-in-gross award rather than periodic alimony. There is no reason to continue the financial bickering between the parties through periodic alimony. Here, as in *Rodely*, it seems both expedient and practical that alimony-in-gross be awarded for there is an element of hazardousness, and here, as in *Overton v. Overton*, 6 Ill.App.3d 1086, 287 N.E.2d 47, the husband has a substantial net worth but a somewhat irregular yearly income. In this connection, the evidence indicates that his yearly income is in large part dependent upon the amount that he determines that the corporations closely held by him will pay him by way of compensation. In this case, as in *Dmitroca v. Dmitroca*, 79 Ill.App.2d 220, 223 N.E.2d 545, the husband's drinking is a factor and there is no security for the wife under the decree for periodic alimony.

Likewise, in this case, the reasons for preference of periodic alimony are absent. There is no indicated need here to determine on a continuing basis the respective need and ability to pay. There were no children born of the marriage, nor are there any adopted children. The variables with reference to need in connection with a mother supporting a child accordingly are not present. In *Harding v. Harding*, 18 Ill.App.3d 550,

—— N.E.2d ——, we considered a decree providing for periodic alimony of $1200 per month together with $200 per month for support of each of four minor children, and in addition made disposition of certain property held in joint tenancy and provision for maintaining insurance policies. The facts in that case were such that periodic alimony was clearly mandated under the case decisions. The reasons for periodic alimony present in abundance there are absent here.

■■ Upon this record, we can readily determine that the periodic alimony awarded was inadequate within the guidelines set forth in *Schwarz v. Schwarz*, 27 Ill.2d 140, 188 N.E.2d 673. Indeed, we would characterize the award as minimal. For the reasons stated, however, alimony-in-gross is more appropriate upon the facts.

That portion of the decree of the circuit court of Macon County providing for periodic alimony is vacated and this cause is remanded to that court with directions to enter an order providing for alimony-in-gross in accordance with the views herein expressed.

Vacated in part and remanded with directions.

SMITH, P. J., and SIMKINS, J., concur.