UNA F. MUSGRAVE, Plaintiff-Appellant, *v.* ARNOLD S. MUSGRAVE, Defendant-Appellee.

Fifth District No. 75-534

Opinion filed May 18, 1976.

John C. Robison, of Fairfield, for appellant.

Richard C. Cochran, of Cochran & Harrison, of Fairfield, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Una Musgrave, plaintiff, was awarded a divorce from Arnold Musgrave, defendant, in the circuit court of Hamilton County, Illinois. She appeals from that portion of the decree dealing with the division of property between the parties.

Plaintiff was awarded a divorce from defendant on the grounds of physical cruelty after a marriage lasting 23 years. Custody of the four minor children of the parties, ranging in age from 17 to 10 years was awarded to plaintiff. The oldest child, a daughter, is 18 and continues to reside with plaintiff. The defendant was ordered to pay $10 a month in alimony and $60 a week in child support and to pay the medical and dental bills of the children. In addition, he is to maintain health insurance for them.

■■ Plaintiff attempted to establish at trial that there were "special equities" entitling her to an interest in certain real property pursuant to section 17 of the Divorce Act (Ill. Rev. Stat., ch. 40, par. 18). Defendant argues, and we agree, that the evidence did not show "special equities" in the plaintiff. The considerations relevant to a claim of "special equity" are set forth in *Everett v. Everett*, 25 Ill. 2d 342, 185 N.E.2d 201.

> "It is also well established that the rights or interests that one spouse has in the property of the other by virtue of the marriage relation alone will not justify a conveyance under section 17 [citations] but it must be alleged and proved by the spouse seeking a part or all of the property in the name of the other that he or she has furnished valuable consideration such as money or services other than those normally performed in the marriage relation which has directly or indirectly been used to acquire or enhance the value of the property." 25 Ill. 2d 342, 347.

■■ The property in question, 66 acres in two tracts, was acquired by the defendant through inheritance from his parents, and title is now and has always been in his name. The contributions described by the plaintiff: the raising of chickens, daily trips to fill stock feeders, the hauling of grain and fertilizer, and keeping the farm accounts, fall into the category of "services normally performed in the marriage relation" and cannot therefore serve to establish "special equities" as required by the statute. (*Norris v. Norris*, 16 Ill. App. 3d 879, 307 N.E.2d 181.) Plaintiff herself testified that "what I did was just about what any other farm wife would do."

Plaintiff relies on the case of *Imbrie v. Imbrie*, 94 Ill. App. 2d 60, 236 N.E.2d 381, which is to the effect that a showing of hardship is sufficient to establish "special equities" justifying an award of property to a spouse. While it is obvious from the evidence adduced at trial that the decision of

the trial judge not to make an award of property to the plaintiff will result in hardship for her and the children, the *Imbrie* case is outside the mainstream of Illinois decisions on this question and we decline to follow it.

Plaintiff contends in the alternative that she should have been granted an interest in the real property as partial payment of alimony in installments or as alimony in gross in lieu of all other alimony pursuant to section 18 of the Divorce Act (Ill. Rev. Stat., ch. 40, par. 19). An award of periodic alimony is judicially preferred to alimony in gross because the court retains jurisdiction of the cause to make modifying orders as they become appropriate. (*Schwarz v. Schwarz*, 27 Ill. 2d 140, 188 N.E.2d 673; *Honey v. Honey*, 120 Ill. App. 2d 102, 256 N.E.2d 121.) An award of alimony in gross is proper where the circumstances indicate that periodic alimony would not be feasible. *Dmitroca v. Dmitroca*, 79 Ill. App. 2d 220, 223 N.E.2d 545.

Circumstances in which alimony in gross was found to be proper include the following: where a spouse does not pay his bills or will not work (*Smothers v. Smothers*, 25 Ill. 2d 86, 182 N.E.2d 758; *Miezio v. Miezio*, 6 Ill. 2d 469, 129 N.E.2d 20); or where the spouse was intoxicated regularly and refused to work (*Persico v. Persico*, 409 Ill. 608, 100 N.E.2d 904); where the husband's occupation was so hazardous that he might not be able to continue to produce income (*Rodely v. Rodely*, 28 Ill. 2d 347, 192 N.E.2d 347); where the spouse is heavily indebted, (*Simpson v. Simpson*, 29 Ill. 2d 49, 193 N.E.2d 10); where the illness of the wife required that financial uncertainty be minimized (*Canady v. Canady*, 30 Ill. 2d 440, 197 N.E.2d 42); where the spouse has an irregular yearly income (*Overton v. Overton*, 6 Ill. App. 3d 1086, 287 N.E.2d 47); where an award of alimony in gross will lead to a final settlement between the parties and eliminate financial bickering (*Hall v. Hall*, 18 Ill. App. 3d 583, 310 N.E.2d 186).

■■ There are elements present in the instant case which would sustain an award of alimony in gross if the court had seen fit to make such an award. Specifically, there is evidence of ill-will and bickering over financial matters which the necessity to continue periodic payments will certainly not eliminate. However, unlike the parties in *Hall v. Hall*, there are, in the instant case, children whose changing needs will require continued contact between the parties in any event. Further, there is some evidence that defendant's eyesight is failing and if it continues to worsen he may be required to take a lower paying position at his place of employment. However, this possibility was provided for by the trial court by the decree provision that payments for child support and alimony were made a lien on one of the tracts of real property. Thus, the record

will not support a finding of abuse of discretion on the part of the court in ordering periodic payments rather than alimony in gross.

Affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.