Evelynne Williams Turns, Plaintiff-Appellant, v. Harvey
Pate Turns, Defendant-Appellee.

Gen. No. 67–72.

Fifth District.

July 1, 1968.

Walker & Williams, of East St. Louis (David B. Stutsman, of counsel), for appellant.

Craig & Craig, of Mt. Vernon, for appellee.

MORAN, J.

Plaintiff appeals from a decree of the Circuit Court of Williamson County in a divorce case claiming that the alimony awarded her was unreasonably low.

The parties were married on March 31, 1941, and resided together as husband and wife until May 25, 1966. Four children were born of the marriage, namely, Patrick Harvey Turns, age 23, Michele Patricia Turns, age 21, Michael Adrian Turns, age 18, and Charles Steven Turns, age 12.

On the 14th day of February, 1967, the trial court entered a decree granting the plaintiff a divorce on the

grounds of extreme and repeated cruelty and awarding the custody of Michael and Charles to her. The court found that plaintiff was without means to support herself and that defendant was employed and capable of supporting plaintiff and the two minor children; that the "defendant at the present time is earning approximately the sum of $10,500 per year before deductions are taken from his said salary for United States Withholding Tax and United States Social Security Taxes." The defendant was ordered to pay to the plaintiff the sum of $30 per week as support money for each child and to pay her the sum of $100 per year as alimony. The court further found the personal property in the possession of each party should be retained by them; that they owned a home as joint tenants and that the title to the home should remain in joint tenancy.

Plaintiff appealed from that portion of the decree awarding her alimony and that portion concerning the disposition of the real estate. However, in this court she did not question the propriety of the property award, but argued only that the alimony award was unreasonable.

Sometime after the notice of appeal, the court on petition of defendant entered a supplemental decree ordering that the home owned jointly by the parties be sold through a licensed real estate agency and that the proceeds be divided equally between the parties, subject to the satisfaction of any note or mortgage on the house and a $2,500 debt the defendant owed his credit union. There was $901 remaining which was divided evenly between the plaintiff and defendant.

We have also been informed that since the filing of this appeal, the trial court granted defendant's petition to discontinue the $30 per week support payment for Michael on the ground that he had become self-supporting.

Plaintiff contends that the award to her is unreasonably low and that it is impossible for her and the children

to live on the money the court awarded. She testified that she was 45 years of age, had not been employed for several years; that she was in poor health and under a doctor's care; that she had colitis, a swollen bladder, a small fibroid tumor of the uterus, an allergy, a hormone deficiency and was in the menopause; that her son Michael, had heart surgery six years ago, was a free bleeder; that he had his heart catheterized and was going to undergo the procedure again.

She further testified that she now lives in Memphis, Tennessee, in a housing development. She listed her monthly living expenses as follows:

| | |
|---|---|
| Rent | $ 78.00 |
| Food & Bathroom supplies | 225.00 |
| Gas & Electric | 15.00 |
| Heat | 25.00 |
| Telephone | 7.24 |
| Clothing | 45.00 |
| School Supplies | 15.00 |
| School Lunches | 22.00 |
| Gas & Oil | 35.00 [1] |
| Total | $467.24 |

The defendant contends that the award of the trial court was so high that he was unable to make the payments. He listed his monthly living expenses as follows:

| | |
|---|---|
| House Payment | $ 80.00 |
| Sears' Bill | 34.00 |
| Car Payment | 59.37 |
| Electricity | 51.37 |
| G. I. Insurance | 37.80 |
| Union Dues | 13.93 |
| Gas & Oil for Car | 20.00 |
| Food | 50.00 |

[1] Plaintiff testified that this expense was in connection with her use of an old car which belonged to her eldest son, Patrick.

349

| | |
|---|---:|
| House Taxes | $20.00 |
| House Insurance | 5.00 |
| Car Insurance | 10.00 |
| Clothing | 20.00 |
| **Total** | **$401.47** |

Defendant argues that the evidence, when properly considered, disclosed that he had a take-home pay of $145 a week, or a net monthly take-home pay of $628.33; that the total support he had to pay, plus his expenses of $401.47, amounted to $669.80, or about $40 per month more than he actually made.

There was much confusion in the briefs and during oral argument as to just what deductions actually came out of defendant's check. However, he did testify that his take-home pay, without deducting for his credit union payment, would be $690 per month, or $159.25 per week. The credit union payments ceased when the house was sold. The trial court found that defendant made a gross salary of $10,500 or $875 per month before deductions for federal withholding tax and social security tax. His net salary after withholding and social security taxes should be approximately $725 per month or $167 per week. The $35 differential is probably because of some group insurance premiums that defendant testified were deducted from his pay.

Some of the expenses that defendant lists as monthly living expenses are not true living expenses, but payments on past due bills; and some of the living expenses appear questionable, such as the item of $51.37 for electricity. The house payment and the taxes and insurance on the house terminated with the sale of the house, although the defendant will now have to pay rent.

The proper measure of alimony is the need of the wife and the ability of the husband to pay. Herrick v. Herrick, 319 Ill 146, 149 NE 820; 24 Am Jur2d 750. We have carefully considered the needs of the wife and

the ability of the husband to pay in this case, and conclude that the amount of alimony the defendant was required to pay plaintiff was so grossly inadequate as to constitute an abuse of discretion on the part of the trial court.

All of the parties involved must have food, shelter, and other necessary living expenses. Other expenses must yield to these items. In view of the foregoing, we believe that a fair and just award in this case would be an alimony award of $50 a week to the plaintiff for her support and maintenance and that the defendant should also continue to pay the sum of $30 per week for the support of the youngest child. In view of what has happened in the past in this unfortunate case, we have confidence that the trial court will take firm steps to see that this money is actually paid to the plaintiff in the event of default by the defendant.

That portion of the order of the trial court directing the defendant to pay to the plaintiff the sum of $30 per week for the support of Charles Steven Turns is affirmed; that portion ordering the defendant to pay the plaintiff the sum of $100 per year alimony is reversed and the defendant is ordered to pay to the plaintiff as alimony, the sum of $50 per week until the further order of the trial court.

Affirmed in part and reversed in part with directions.

EBERSPACHER and GOLDENHERSH, JJ., concur.