SIDNEY S. ALTMAN, Appellant, *v.* PAULINE B. ALTMAN, Appellee.

(Nos. 54061, 54285 cons.;

First District—January 27, 1971.)

Sidney S. Altman, *pro se.*

Rinella, Rinella & Rinella, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Plaintiff appeals from a judgment order granting temporary fees in the sum of $1,200.00 to two post-decree attorneys for the defendant-appellee. Four and one-half years after a decree of divorce was entered in favor of plaintiff, defendant, by one of her attorneys, filed a petition to sell the house owned jointly by the parties and for alimony. Neither of these matters were reserved in the decree of divorce. The second attorney argued the petition to sell. The court ordered the sale and allowed $1,200.00 attorneys' fees. Plaintiff appealed from the order allowing attorneys' fees, whereupon the attorney for the defendant applied for additional fees to defend the appeal and was awarded an additional $1,200.00 for that purpose. Plaintiff again appealed, and both appeals are consolidated herein.

Plaintiff contends the statute does not provide for temporary fees in this type of post-decree procedure; that the petition to sell the house was not related to the divorce decree; that the defendant was in better financial position than plaintiff and was not in need; and that the fee was excessive and no testimony was heard as to services and their values.

The divorce decree did not attempt to settle title to the real estate, inasmuch as it was in joint tenancy between the parties, the only reference in the decree being that defendant was to have custody of the house until further order of the court, and she still lives in the home. The plaintiff was ordered to make the mortgage payments, including the basic telephone bill of the home, and to retain the defendant as beneficiary of his army insurance policy, and there is no argument but that same has been done. The plaintiff does not appeal from the order of court to sell the real estate and stated on oral argument that he was agreeable to sell, but nothing had been done about it since the appeal was taken. The premises are located at 2201 Oak Street, Chicago. However, there is nothing in the record to indicate its approximate value.

In her petition to sell the defendant asked for alimony but ap-

parently abandoned that request upon receiving the order to sell the real estate. There was nothing in the original decree reserving the question of alimony. At the hearing it appeared that defendant is employed and had $600.00 in the bank, and that plaintiff had little or no money with which to pay fees. There was no showing that defendant was unable to pay her attorney or that payment was a necessary item at the moment. (*Cross v. Cross* (1966), 73 Ill.App.2d 399.) In the instant order the court was allowing fees in advance for the sale of real estate. We consider this premature, and the house should have been sold in the usual manner and the attorneys' fees set by the court from the regular schedule of fees for this type of service upon proof of services rendered, the same to be paid from the proceeds of the sale and the net divided between the joint owners. It is obvious the defendant had a one-half interest in the real estate and was not without assets with which to pay her attorney, and it was an abuse of discretion and error for the trial judge to assess an advance fee against plaintiff. Attorneys' fees should be reasonable for services rendered. *Roback v. Roback* (1965), 59 Ill.App.2d 222.

■■ This brings us to the second order appealed from, wherein the court allowed an additional $1,200.00 to defendant's attorney to defend the first appeal. It follows the court should not have allowed attorneys' fees for this purpose, inasmuch as the defendant had assets with which to defend the appeal and could pay her attorney from her share of the proceeds of the sale of the house. Again, it was an abuse of discretion and error on the part of the trial judge to assess a fee against plaintiff.

For the reasons stated, both orders are reversed and the cause remanded to the trial court with directions to allow reasonable attorneys' fees for the sale of the house from the proceeds of the sale, the net to be divided between the parties.

Reversed and remanded with directions.

ADESKO, P. J., and BURMAN, J., concur.