ANGELA M. RIORDAN, Plaintiff-Appellant. *v.* ROBERT E. RIORDAN, Defendant-Appellee.

First District (4th Division)    No. 60670

Opinion filed April 14, 1977.—Rehearing denied May 12, 1977.

Kenneth R. Shorts, of Waukegan, for appellant.

Rinella & Rinella, of Chicago (John P. Rinella and Stuart N. Litwin, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Appellant, Angela M. Riordan, appeals from a decree and supplemental decree for divorce entered by the circuit court of Cook County, whereby she was granted a divorce based upon grounds of desertion from appellee, Robert E. Riordan.

Plaintiff filed a suit for separate maintenance, or in the alternative for divorce, on June 2, 1971, alleging desertion on the part of defendant, such desertion commencing on May 5, 1971. Count 1, paragraph 1 of plaintiff's complaint alleged that defendant resided in the city of Chicago, County of Cook and State of Illinois. In his answer, defendant admitted the allegation of count 1, paragraph 1 of plaintiff's complaint. Defendant filed a countercomplaint on August 3, 1972, alleging Cook County residence. Plaintiff filed an answer denying his residence. At trial, defendant testified that he was living in Chicago at the time the suit was filed and he had lived in Chicago from May 1971 until December 1971 when he moved to Lake County. Mrs. Riordan testified that her husband deserted her in May 1971, but he had visited her since then and they had lived together as husband and wife. She further testified that he did not ultimately leave her until

March 1972. The question of improper venue was raised in plaintiff's post-trial motion.

In her complaint, plaintiff requested alimony in installments or in gross. Furthermore, at trial, plaintiff's counsel made an argument for alimony in gross, as opposed to straight alimony, due to the facts that Mr. Riordan worked and lived in Brazil and that Mrs. Riordan testified that her husband inadequately supported her during the marriage.

Relating to the determination of alimony and child support, the following facts were elicited: Mrs. Riordan was employed part-time by Royal Welcome and in 1973 earned $2700. Besides her job earnings, she also had dividend income, interest income, and income from farm property in Kansas. Her total yearly earnings were approximately $6900. In addition to yearly income, Mrs. Riordan has substantial assets of her own valued at approximately $84,000 which include various types of shares of corporate stock, bank accounts, a certificate of deposit, and her interest in various parcels of real estate. The plaintiff has had no disabling medical problems since 1969 and the record shows that she has been able to work regularly over the last several years.

Mr. Riordan grosses $32,000 a year from his job and has miscellaneous income of $2000 per year, for a total of $34,000 yearly. He nets approximately $1747 per month from his job. His personal estate was comprised of various parcels of real estate, substantially located in Kansas, corporate stock and a bank account, the total value being somewhere between $208,000 and $218,000. Appraisals were submitted relating to the Kansas real estate holdings. Much of the Kansas property had been inherited by Mr. Riordan.

The parties purchased a home in Lake Forest in 1966 for $49,000. The present mortgage balance is in the vicinity of $35,000. Mr. Riordan testified that the home is presently worth $70,000.

Five children were born to the parties, but at the time of the decision only one minor child, namely, Patrick, resided at home with the plaintiff. Prior to this litigation, a trust was established for the education of the children, known as the Riordan Educational Fund.

In the supplemental decree, the court provided that the defendant shall be responsible for the balance of any payments which may arise in connection with said college or university expenses of Patrick, if the assets of the trust prove to be insufficient. It also provided that any remaining assets in the trust would be divided equally among the children upon completion of their education. Mrs. Riordan was removed as trustee and an independent trustee was appointed.

The basic terms of the decree and supplemental decree relating to alimony and child support provided that appellant be awarded custody of their one minor child, Patrick, alimony in gross of $475 per month for

121 months, the marital home, one-half of the proceeds from the sale of a parcel of real estate located in Indiana, $165 per month for child support, and $500 for the development of Patrick's musical talents. The total amount of alimony in gross awarded was approximately $75,000.

Five attorneys represented plaintiff in the instant case. The court ordered defendant to pay $1500 and $1000, respectively, to the first two attorneys. Plaintiff had paid her third attorney fees amounting to $5000. This attorney requested $18,000 additional attorney's fees. The court held a hearing, the expert witness failed to show the reasonableness of the fee requested due to the striking of an improper hypothetical question, and the court denied the request, stating that "the amount that you have received, this $5000, is ample and adequate."

The major issues presented for review are that venue was improper, the form of the alimony was improper and the amount of the alimony was inadequate, the child support award was inadequate, and the court improperly denied the petition for attorney's fees of plaintiff's third attorney.

Appellant initially contends that the trial court lacked jurisdiction in this matter due to improper venue. She argues that because both parties were residents of Lake County at the time of the trial, the cause should have been transferred. She further argues that the venue requirements in a divorce case are jurisdictional in nature and, therefore, because venue was improper, the court lacked jurisdiction herein.

In a divorce action, proper venue will lie where the plaintiff or defendant resides. (Ill. Rev. Stat. 1973, ch. 40, par. 6.) The defendant resided in Cook County when the summons issued and for some time thereafter, specifically until December 1971. The defendant admitted that he was a resident of Cook County in his answer to plaintiff's complaint. Even further, defendant testified that he was a resident of Cook County at the time the complaint was filed.

In a separate maintenance action, the suit must be brought in the county where the husband resides. (Ill. Rev. Stat. 1973, ch. 68, par. 23.) Since the husband resided in Cook County at the time of filing the action, Cook County was the proper place of venue.

■■ Plaintiff relies on a line of cases which stand for the proposition that venue is mandatory and jurisdictional in nature both in divorce and separate maintenance actions. Although *Chrastka v. Chrastka* (1971), 2 Ill. App. 3d 722, 277 N.E.2d 729 holds that the proposition set forth above is true, *Chrastka* also holds, citing *Kovac v. Kovac* (1960), 26 Ill. App. 2d 29, 167 N.E.2d 281, that jurisdiction is determined at the time the action is brought. Because venue was proper at the time this action was brought, both under the separate maintenance statute and the divorce statute, jurisdiction was proper and attached in Cook County. A change in one of

the parties' residence after filing the original complaint does not divest the court of jurisdiction. *Kovac v. Kovac* (1960), 26 Ill. App. 2d 29, 167 N.E.2d 281.

Secondly, plaintiff argues that the court abused its discretion with regard to the award of alimony in gross and child support, more specifically, because an inadequate amount was awarded. Further, she maintains that various assets were improperly valued.

As to the alimony, the judge did not abuse his discretion in awarding alimony in gross nor in awarding the amount of $475 per month over 10 years and 1 month and the marital home to the plaintiff. Both the form and amount of alimony to be awarded lie within the discretion of the trial court and such award will not be reversed unless an abuse of discretion can be shown. *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 239 N.E.2d 792; *Canady v. Canady* (1964), 30 Ill. 2d 440, 197 N.E.2d 42; *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.

■■■ Section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19) provides that the court may make an order regarding alimony from the circumstances of the parties and the nature of the case as shall be fit, reasonable and just. Where the record shows that periodic alimony is not feasible, alimony in gross may be awarded under section 18. (*Musgrave v. Musgrave* (1976), 38 Ill. App. 3d 532, 347 N.E.2d 831; *Dmitroca v. Dmitroca* (1967), 79 Ill. App. 2d 220, 223 N.E.2d 545.) Other circumstances in which an award of alimony in gross has been found to be proper were where an award in gross will lead to a final settlement between the parties and eliminate financial bickering. *Hall v. Hall* (1974), 18 Ill. App. 3d 583, 310 N.E.2d 186.

First, it should be noted that plaintiff's counsel asked for alimony in gross several times throughout the trial. The defendant works in Brazil and it would be difficult to enforce periodic alimony while he was abroad Additionally, the parties have fought greatly over finances in the past.

The court properly awarded alimony in gross in this case because an award of periodic alimony would not be feasible and because it will put an end to the financial bickering between the parties.

■■ As noted earlier, the amount of alimony lies within the sound discretion of the trial court. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 197 N.E.2d 42; *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.) Plaintiff, in arguing that the award was inadequate, relies on the fundamental rule that alimony is to be determined by the need of the wife and the husband's ability to pay. (*Turns v. Turns* (1968), 96 Ill. App. 2d 347, 239 N.E.2d 144.) In determining the wife's needs, however, it is proper for the court to consider her own income and her own estate. (*Borowitz v. Borowitz* (1974), 19 Ill. App. 3d 176, 311 N.E.2d 292.) Mrs. Riordan was awarded $640 per month in alimony and child support which

represents approximately 35 percent of defendant's net income. Besides the award, she receives income from her job, interest, and dividends. The total amount of the alimony in gross awarded was $75,000 which represents approximately 34 percent of his entire assets. When this amount is combined with her estate of $84,000, she has a total net worth of $159,000. About 73 percent of his assets is equivalent to her total assets. To argue that this award is inadequate is not persuasive. The trial court, in arriving at the amount of alimony awarded, properly considered her income and estate in determining her needs and did not abuse its discretion in ascertaining her need and the husband's ability to pay.

■■ Also, part of plaintiff's argument regarding the amount awarded concerns alleged erroneous valuation of the defendant's estate, particularly the Kansas farmland, and an erroneous valuation of the marital home. Valuation of assets in a divorce matter is a question of fact for the trial court to determine. (*Sandberg v. Sandberg* (1973), 11 Ill. App. 3d 495, 297 N.E.2d 654.) Appraisals were submitted as to the Kansas farmland and the court determined the valuation therefrom. We find no error as to this asset. Regarding the marital home, defendant testified that the current value of the property was about $70,000. The property was purchased in 1966 for $49,000. It is not unreasonable for the court to believe that the value had escalated considerably over the last 9 years due to the fact that the real estate is located in Lake Forest. Although it is better practice to have a formal appraisal, we cannot find that the trial court erred in its valuation of the marital home.

■■ Plaintiff alleges that the child support award of $165 per month for their son, Patrick, is totally inadequate. We disagree. The determination of the amount of child support payments "lies within the sound discretion of the trial court, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence." (*Sandberg v. Sandberg* (1973), 11 Ill. App. 3d 495, 500, 297 N.E.2d 654.) There is no evidence in the record which demonstrates the need for a greater allowance of child support, with the exception of allocating funds for the development of the child's musical talents. However, the supplemental decree awarded $500 for the purchase of a musical instrument and lessons. Furthermore, the Riordan Educational Fund will provide for his college education, and any expenses incurred by Patrick, over and above the income of the trust, will be borne by defendant. Even further, defendant is obligated to pay for extraordinary medical expenses. It should also be noted that the financial responsibility for the support of the child is a joint and several obligation of each parent (*Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 326 N.E.2d 95), and it is proper for the court to consider the income and assets of the wife and husband in setting the amount

awarded. (*Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.) The trial court properly considered all the facts, and did not abuse its discretion in awarding $165 per month as child support. Should the child's needs increase at some time in the future, plaintiff is not precluded from petitioning the trial court for relief.

Several issues were raised with respect to the Riordan Educational Fund, but the main issue raised was that the funds should have been distributed to the adult children. At oral argument, the appellee's counsel indicated that they were willing to make distribution to all the adult children and maintain the trust only for the one remaining minor. Therefore, we need not reach the question whether the trial court abused its discretion in this matter.

Finally, the plaintiff maintains that the trial court committed error when it denied the petition for attorney's fees of one of the attorneys for the plaintiff.

The awarding of attorney's fees rests in the sound discretion of the trial court and will not be interfered with unless such discretion is clearly abused. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 197 N.E.2d 42; *Lane v. Lane* (1976), 40 Ill. App. 3d 229, 352 N.E.2d 19.) The amount of attorney's fees awarded also rests within the discretion of the trial court and the amount awarded will not be disturbed unless the trial court clearly abused its discretion. (*Roback v. Roback* (1965), 59 Ill. App. 2d 222, 207 N.E.2d 130.) Attorney's fees had been awarded to plaintiff's first and second attorneys in the amounts of $1500 and $1000, respectively, and such sums were paid by the defendant. Plaintiff had paid her third attorney $5000. The petition of the third attorney requested $18,000 additional attorney's fees.

Attorney's fees should be reasonable for the services rendered. (*Altman v. Altman* (1971), 131 Ill. App. 2d 427, 268 N.E.2d 211.) An expert witness testified regarding the reasonableness of the fees, but most of the testimony was stricken due to an improper hypothetical question. Counsel failed to show that the fees requested were reasonable, and in the sound judgment of the court, the fees were found to be unreasonable. That court stated that the $5000 which the attorney had already received was ample and adequate payment for the services rendered.

■■ ■ Second, plaintiff changed attorneys twice, once after a tentative settlement had been reached. Much of the claim for additional fees was stated to have resulted from a search for hidden assets. The search, however, revealed no new evidence. Because plaintiff caused the additional time to be expended by her counsel, she should be expected to bear the cost. Also, in light of the fact that plaintiff has substantial assets of her own, she is able to pay the additional attorney's fees. The complainant

must show financial inability to pay the fees (*Woodshank v. Woodshank* (1973), 13 Ill. App. 3d 692, 300 N.E.2d 494), and she has failed in this regard.

In light of the above facts, we find that the trial court did not abuse its discretion in awarding attorney's fees.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed

DIERINGER, P. J., and ROMITI, J., concur.