REBECCA S. MUELLER, Plaintiff-Appellee, *v.* THOMAS J. MUELLER, Defendant-Appellant.

Second District  No. 76-210

Opinion filed June 15, 1977.

Dan Duff, of Wheaton, for appellant.

Alexander J. Burek, of Burek & Field, of Wheaton, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

On October 17, 1973, Rebecca S. Mueller, plaintiff-appellee (hereinafter referred to as "wife"), filed her complaint in Du Page County for divorce, alleging cruel and unnatural treatment by her husband,

Thomas J. Mueller, defendant-appellant (hereinafter referred to as "husband"). The husband was personally served and given notice of the December 7, 1973, hearing on the complaint. The husband did not enter an appearance on this date, and the court, after hearing the wife's and her sister's testimony, entered a default judgment for divorce.

There are two issues presented for review in this court: (1) Whether the trial judge's severing of the joint tenancy of the parties by compelling a conveyance of one party's one-half interest to the other party was proper; and, (2) Whether there was a proper basis, as a matter of law, to award attorneys' fees to the plaintiff (wife) in this cause.

The consent decree, entered on January 3, 1974, provided that the wife would be forever barred and foreclosed from alimony. The decree also provided, among other provisions, that the wife still desired to reside in the marital dwelling and would be permitted to continue residing there. In addition, the wife was to hold the husband harmless from all liability arising from the marital property for taxes, mortgages, insurance, or any other cause. The parties agreed that the value of the home was $29,000. The parties agreed that when the wife sold the property, she would turn over to the husband the sum of $14,500 after deducting all costs and expenses of the sale and paying off all mortgages or liens against the property. This sum was to represent the husband's full share of the property.

On July 1, 1975, the husband filed a petition for modification of the decree of divorce, alleging a substantial change in the circumstances of the parties. The petition alleged that in violation of the decree, the wife was no longer residing on the marital property and that said property was being rented to third parties. In the petition, the husband also denied ever approving the property division, and he denied ever signing the decree of divorce. The husband's petition prayed that the court compel the wife to sell the marital property and distribute the net proceeds equitably between the parties; or, in the alternative, have the wife compensate the husband for his interest in the property.

The wife's cross-petition alleged that the draftmanship of the divorce decree was such, due to a scrivener's error, that if the property were sold then, pursuant to the terms of the divorce decree, all the equity in the property would belong to the husband. This situation arose because there was a $19,000 mortgage on the marital property, and the wife was obligated to turn over $14,500 to the husband by the terms of the decree. Thus, the wife alleged the true intent of the parties was not effectuated by this consent decree and requested the court to vacate that portion of the decree that set forth the property rights of the parties.

Per stipulation of the parties, that portion of the decree pertaining to the joint marital property was vacated and a trial de novo was held.

There, the trial court entered an order requiring the wife to pay to the husband the sum of $3,081. The trial judge determined that this sum was one-half of the equities between the parties in the property after the deduction of all the credits for mortgages and other credits. The husband was required to quit claim all his right, title and interest in the marital property to the wife after he received the sum of $3,081 from her. The wife was further barred from all claims of alimony, and the husband was ordered to pay $400 towards the wife's attorney's fees. The husband appeals from the entry of these orders.

Both the husband and the wife are in agreement that an award of a conveyance of jointly owned property from one spouse to the other must be based either upon special equities or granted in lieu of alimony.

By statute, the trial court in hearing divorce matters can only order property to be conveyed from one party to the other in two specific situations. The first is under section 17 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 18), which provides:

> "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

In order to compel a conveyance of property under this section, special equities "must be specifically alleged in the complaint and established by competent evidence adduced at trial." *Palacio v. Palacio* (1975), 33 Ill. App. 3d 1074, *1078*, 339 N.E.2d 427, *430* citing *Lawyer v. Lawyer* (1974), 19 Ill. App. 3d 571, 312 N.E.2d 7, and *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.

The second situation where the court may compel a conveyance of property in divorce matters from one party to the other is in lieu of alimony under section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19). It provides:

> " * * * The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

■■ The provisions of section 17 and section 18 of the Divorce Act are separate from and independent of one another. (*Savich v. Savich* (1957), 12 Ill. 2d 454, 147 N.E.2d 85.) It is clear that the trial court can only compel a conveyance of property owned jointly by the parties in a divorce hearing under section 17 where special equities are specifically pleaded and established by competent and probative evidence. (*Cross v. Cross* (1954), 2 Ill. 2d 104, 116 N.E.2d 892; *Lawyer v. Lawyer* (1974), 19

Ill. App. 3d 571, 312 N.E.2d 7; *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47; *Palacio v. Palacio* (1975), 33 Ill. App. 3d 1074, 339 N.E.2d 427.) Likewise, it is clear that a trial court can only compel a conveyance of property owned jointly by the parties in lieu of alimony under section 18 where the recipient spouse is entitled to alimony, periodic alimony is not feasible, and the conveyance is equitable. *Persico v. Persico* (1951), 409 Ill. 608, 100 N.E.2d 904; *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47.

The trial court in this case, in ordering the conveyance of property between the parties, specifically found that the award was not based upon special equities under section 17 since, in the court's opinion, the equities were evenly divided. The trial court further found that the conveyance of property was not in lieu of alimony under section 18.

The testimony showed that both parties had worked during the marriage and that all funds were held in joint savings and checking accounts by the parties. It also appeared that both parties had worked to maintain the marital property. The trial court also properly credited the parties for their contributions toward the mortgage indebtedness and deducted the sums received as rental income. As a result, the court allocated to each party one-half interest in the net equity of the property in the amount of $3,081.

In examining the record and testimony of the parties as to their prior payments and contributions to the property in question, we agree with the trial court and find that the conveyance was not compelled by special equities. We also find that the accounting procedure utilized by the trial court was fair and proper.

■■ We also agree with the trial court that this award was not necessary as a settlement in lieu of alimony. Alimony was specifically barred by the terms of the original decree. Both parties were gainfully employed at the time of the entry of the divorce decree, and no new facts based on the needs of the parties were alleged in the petition. Thus, alimony was barred, as was a settlement in lieu of alimony.

It is clear that a divorce court has no general equity powers and is limited in the exercise of authority to its specific statutory grant. (*Schouten v. Schouten* (1970), 129 Ill. App. 2d 418, 263 N.E.2d 715; *Cross v. Cross* (1954), 2 Ill. 2d 104, 116 N.E.2d 892.) Under sections 17 and 18 of the Divorce Act, a finding of special equities or in lieu of alimony are the only proper bases for ordering a conveyance of property held in joint tenancy by the parties from one to the other. (*Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47; *Persico v. Persico* (1951), 409 Ill. 608, 100 N.E.2d 904.) Thus, the trial court was in error when it found that "the court can make a division of property as it sees the facts to be at the time in any divorce situation" because a divorce court has no general equity

powers to order a property division, but is limited to the statutory powers of sections 17 and 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, pars. 18 and 19). Therefore, we reverse the trial court's order conveying the jointly owned marital property of the parties from the husband to the wife.

In addition, the market valuation of the marital property used in the accounting procedure by the court only reflects the appraised value of the property as of January 1, 1974, and does not take into account any payments by the parties for mortgage payments, taxes, improvements, or other credits since the entry of the decree. Therefore, we remand the cause for a hearing to determine any special equities either party may have by way of improvements or payments on the property since the entry of the divorce decree in this cause, provided the pleadings establish a basis for such relief.

The wife contends the court's order could reasonably be deemed an equitable conveyance as a settlement in lieu of alimony. This, of course, is inconsistent with the exact findings of the trial court. In addition, the wife contends that the husband's position is unconscionable in that he is trying to take advantage of the improvements and appreciation of the property as a result of the expenditures made by the wife. In light of this court's remand for a hearing to determine the special equities of either party as a result of improvements and payments on the property after the entry of the divorce decree, this potential inequity can then be litigated.

The husband's final contention is that the trial court improperly awarded the wife attorneys' fees. The trial court's award of attorneys' fees to the wife was based on the ability of the husband to pay and the approximate value of the attorney's services rendered in the wife's behalf. The trial court held a hearing on the matter of fees and awarded the fees based on its feeling that this petition was a rehearing of that portion of the decree of divorce pertaining to the rights of the parties to the jointly-owned real estate.

In order to justify an award of attorneys' fees in a divorce action, the plaintiff must show financial inability to pay the fees and the financial ability of the defendant to pay the fees. *Jones v. Jones* (1964), 48 Ill. App. 2d 232, 198 N.E.2d 195; *Sahs v. Sahs* (1977), 48 Ill. App. 3d 610, 363 N.E.2d 156.

The husband contends the award of fees in the instant case was not justified because the wife's financial inability to pay the attorneys' fees was not demonstrated to the trial court at the hearing for fees. We agree. Therefore, we vacate the award of attorneys' fees for $400 and remand to the trial court for a hearing to determine whether the wife is entitled to an award of fees.

The husband also contends that the award of attorneys' fees was made

after a stipulation had confined the hearing solely to a resolution of the property rights of the parties. Thus, the husband contends the hearing clearly did not involve matters of divorce and an award of attorneys' fees is improper.

■■ The husband is incorrect in this contention. The trial court's stipulated order of September 24, 1975, specifically refutes this contention and provides "that that portion of the *divorce decree* pertaining to the rights of the parties in regards to the real estate jointly owned by the parties be vacated." (Emphasis added.) The order further provided "that the respective rights of the parties be set for hearing trial de novo." Thus, this was not a post-decree proceeding, but a continuation of the original divorce proceeding, and an award of attorneys' fees may be proper if, in a hearing, a proper foundation is made for such an award.

For the reasons recited, that portion of the order of October 1, 1975, ordering the husband, Thomas Mueller, to convey his right, title and interest in the property to the wife, Rebecca Mueller, upon receipt of $3,081 from Rebecca Mueller, is reversed. We affirm the trial court in its accounting findings as to the interests of the parties in the property at the time of the entry of the divorce decree; and we remand the matter to the trial court to conduct a hearing to determine the special equities of the parties by way of improvements and other credits, provided these are properly pleaded. The order awarding attorneys' fees to the wife in the amount of $400 is vacated and likewise remanded to the trial court for hearing.

Reversed in part, affirmed in part, and remanded.

SEIDENFELD, P. J., and NASH, J., concur.