MARY ANNE SHAVER, Plaintiff-Appellee, *v.* MELVIN D. SHAVER, Defendant-Appellant.

Second District No. 77-245

Opinion filed February 1, 1978.

Robert Greenwalt, of Spelman, Greenwalt & Assoc., of West Chicago, for appellant.

Douglas Drenk, of Law Offices of A. E. Botti, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Melvin Shaver, appeals from an order modifying a decree for divorce by awarding defendant's interest in their marital home to plaintiff as alimony in gross.

The parties were married in 1962 and have two minor children, the youngest aged 10 years. Plaintiff filed her complaint for divorce in October 1974 on the grounds of mental cruelty and on January 22, 1975, a temporary order was entered, apparently by the agreement of the parties, requiring defendant to make the mortgage payments on their home, pay utility bills and to permit plaintiff to continue to charge food needed in the household. The order also set the case for trial on February 24, 1975, but was continued from time to time and was not finally heard until May 19, 1976.

The primary contested matter between the parties was the disposition of the marital home; plaintiff urged that the defendant's interest therein be awarded to her as alimony in gross. The home was the only major asset of these parties and was held by them as joint tenants. It was valued at about $47,000 and was subject to mortgages totaling $15,000 which were payable at the rate of $306 per month. The parties each had some income from earnings as defendant was self-employed in the advertising business earning approximately $100 per week and plaintiff worked part-time as a model and in sales earning approximately $132 each week. After considering the evidence, the trial court found that the custody of the minor children would be awarded to plaintiff with defendant to pay to her $50 per week for their support. Plaintiff was allowed exclusive use and possession of the marital home until such time as the youngest child attained his majority or until the parties earlier sold it. The court determined they owned the property equally and directed that the title be held by them as tenants in common. The court further ordered that upon sale of the property the net proceeds were to be divided equally between them but that upon defendant's share was to be impressed certain liens to be paid from it to the extent they had not then been earlier satisfied. These liens included approximately $4,456 found to be due plaintiff for payments made by her of expenses defendant had failed to pay under the temporary order of the court. (From the record before us we can only conclude this refers to the order of January 22, 1975, requiring defendant to meet all of the mortgage payments, utility bills and food charges.) In addition, defendant's share of the proceeds of any sale of the home was

charged with $2,100 for plaintiff's attorney's fees and was further charged with payment of any child support or any other sums which might then be due to plaintiff under the decree. The court further found the parties to be equally liable for the mortgage indebtedness, directed that plaintiff make the monthly payments on it and that defendant pay monthly to plaintiff a sum equal to his one-half share of that obligation which we compute to be $153.41.

Neither party was barred from an award of alimony and that question was reserved until such time as the circumstances of the parties might change because, as the trial court succinctly stated, "there is no way in God's green earth that the husband can pay the wife any alimony that I can see." The court added that it did not know how defendant would be able to make the child support and mortgage payments (these totaled $368.41 of his approximate monthly income of $430 which he had been ordered to pay by the court. On this basis, the court denied plaintiff's request that she be awarded alimony, either periodic, or in gross by the conveyance of his interest in the marital home in lieu of alimony.

The parties were directed by the court to prepare a draft decree in writing but apparently were unable to agree upon the form to be submitted based upon the court's findings at the May 19 hearing. The decree eventually was drafted by the trial court and entered by it December 24, 1976, on the terms we have described.

On January 21, 1977, plaintiff filed an "emergency petition" alleging defendant had failed to meet his obligation in regard to the mortgage payments and, as a result, foreclosure proceedings had been commenced by the mortgage holders. She further alleged defendant was without funds and that he was not capable of meeting his obligations under the decree and requested that the court vacate the decree or modify it by directing that defendant's interest in the home be conveyed to her, as trustee, for the benefit of their children. Defendant's answer stated he was not aware of any arrearages, but would pledge to bring current any which might be determined by the court. He further stated his willingness to sell the property but the plaintiff would not do so. On March 17, 1977, after a hearing, the trial court determined that defendant had not made the payments for child support or mortgage purposes which the court had directed that he pay at the hearing of May 19, 1976, and further found that defendant was still making only $100 per week and was still not able or capable of making the payments required of him under the decree. The trial court noted that plaintiff had expressed a willingness to waive all of her rights to past-due mortgage payments, child support, attorney's fees and any right to alimony if she received defendant's interest in the property. The court stated that all of these circumstances demonstrated a substantial change since the date of the divorce hearing, and ordered the

decree to be modified by the award to plaintiff of defendant's interest in the marital home as alimony in gross. The debts to plaintiff and her attorney previously mentioned were excused and plaintiff was permanently barred from all other claim to alimony.

Defendant appeals contending the trial court erred by directing conveyance of his interest in the home to plaintiff as an award to her in lieu of alimony. We agree and that judgment will be reversed.

The parties dispute at length in their briefs whether the plaintiff's emergency petition was a petition to modify the decree due to a substantial change in circumstances under section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19; see generally *Baker v. Baker* (1977), 53 Ill. App. 3d 186, 368 N.E.2d 379) or is a motion filed within 30 days of the entry of the decree apprising the trial court of reasons why it should change its previous order under section 68.3(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3(1); see generally *City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653). It is difficult to tell from the language of the petition under which authority plaintiff was proceeding and the trial court's order is similarly vague as to its basis although it did relate to a substantial change of circumstances it found had occurred since May 19, 1976. We do not find it necessary, however, to resolve that procedural matter as in our opinion there is no evidentiary basis for the trial court's award of defendant's interest in the marital home to the plaintiff as alimony in gross in either event.

■■ It is well established that in order to justify a conveyance of property in lieu of alimony, commonly referred to as alimony in gross, under section 18, the recipient spouse must demonstrate that he or she is entitled to alimony, that periodic payment of alimony would not be feasible and that the conveyance of the property is equitable. (*Smothers v. Smothers* (1962), 25 Ill. 2d 86, 87-88, 182 N.E.2d 758, 759; *Mueller v. Mueller* (1977), 49 Ill. App. 3d 666, 670, 364 N.E.2d 674, 677; *Frank v. Frank* (1975), 34 Ill. App. 3d 957, 959-60, 342 N.E.2d 404, 406-07.) Whether a party is entitled to alimony depends upon that party's needs and the other party's ability to pay. (*Palacio v. Palacio* (1975), 33 Ill. App. 3d 1074, 1078, 339 N.E.2d 427, 430.) The record of the hearings held on this matter on May 19 and February 16 are difficult to follow and we cannot determine from them exactly how the trial court reached the figures it ultimately included in the decree as past-due payments owed to plaintiff. We assume they are correct as defendant has not appealed from those portions of the order of the court. We are able, however, to clearly see, as did the trial court, that at the time of both hearings defendant was not in a financial position to pay alimony of any kind, the trial judge stating on May 19 he was unable to make an alimony award to plaintiff by virtue of defendant's poor economic situation. By the time of the second

hearing on February 16, 1977, defendant's financial position had seriously worsened under the accumulating burden of child support and mortgage payments which were recognized by the court as being far beyond his means to pay. While we cannot determine from the record of this case just what payments defendant did make or failed to make by way of mortgage obligations or child support, and the evidence was seriously conflicting on this score, it is abundantly clear that the trial court never determined that the defendant had the ability to pay alimony. To the contrary, the court found that he could not do so and plaintiff has failed to establish that she is entitled to alimony from defendant, whether periodic or in gross, and the order must be reversed. See *Norris v. Norris* (1974), 16 Ill. App. 3d 879, 881, 307 N.E.2d 181, 182; *Honey v. Honey* (1970), 120 Ill. App. 2d 102, 105, 256 N.E.2d 121, 123.

Our decision will leave this matter where it was on December 24, 1976, when the decree was entered by the court. No appeal has been taken by either party from its provisions. The question of alimony will remain reserved until such time as it might again be presented for consideration by the court. Whether circumstances will then be found to support an award of alimony in gross will be for the trial court to then determine. See *Musgrave v. Musgrave* (1976), 38 Ill. App. 3d 532, 534, 347 N.E.2d 831, 833.

For these reasons the judgment of the Circuit Court of Du Page County entered March 17, 1977, nunc pro tunc as of February 16, 1977, will be reversed.

Reversed.

SEIDENFELD, P. J., and BOYLE, J., concur.