CORA FUQUA, Plaintiff-Appellee, *v.* MILLARD FUQUA, Defendant-Appellant.

Second District   No. 77-441

Opinion filed June 6, 1978.

Harvey Melinger, of Chicago, for appellant.

Alex Rafferty, III, of Finn, Geiger & Rafferty, of Waukegan, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:
Cora Fuqua, hereinafter plaintiff, filed a complaint for divorce against

her husband, Millard Fuqua, hereinafter defendant, in the circuit court of Lake County. The complaint alleged mental cruelty as grounds for divorce, averred that the parties owned certain real and personal property, and asked the court to make an equitable division of the real and personal property owned by the parties. Defendant responded to this complaint by filing an answer and counter-complaint for divorce. On June 27, 1977, Judge William F. Homer granted the divorce decree to plaintiff and awarded her certain of defendant's joint tenancy property and other interests, both in lieu of alimony and as a division of property. Defendant does not contest the validity or sufficiency of the divorce decree itself, but appeals only from the court's order which disposed of his joint tenancy interest in both the marital home and the parties' bank accounts.

Two basic issues are presented for review: (1) Whether the trial court erred in awarding plaintiff the defendant's joint tenancy interest in the marital home in lieu of alimony; and (2) Whether the trial court's finding that plaintiff was entitled to the parties' joint tenancy bank accounts was against the manifest weight of the evidence.

A brief summary of the material circumstances of the parties, as well as the pertinent sections of the trial court's decree is necessary to discern our holdings.

The trial court's order disposed of the respective property rights of the parties in the following manner:

(1) The court awarded plaintiff, in lieu of alimony, defendant's share of the household furnishings, goods, furniture, fixtures and equipment, and ceramic equipment, and defendant's undivided one-half interest in the marital home which had been purchased in 1965 in joint tenancy for $17,500 with funds of both parties. The home had an appraised value at the time of the hearing of $36,000 with a $6,400 mortgage;

(2) The court granted plaintiff the approximately $8,000 remaining in joint tenancy bank accounts which the court found had been started with funds received by plaintiff as an inheritance and over which plaintiff had always maintained exclusive control. These accounts were in the form of two certificates of deposit in joint tenancy accounts which had amounted to $11,000 at the time plaintiff's complaint for divorce was filed.

(3) The court also ordered that the household goods, tools and equipment in the defendant's possession at the time of the hearing, as well as the compressor, claw hammer and other tools in the marital home of the parties, were to be the property of the defendant; and

(4) The court further directed that a 1976 Ford van, a 1970 Ford van, and a 1969 Rambler Ambassador should remain the property of the defendant. The 1976 van had been purchased by the defendant a month before

trial and had an outstanding loan on it of approximately $5,600 at the time of trial.

Plaintiff and defendant had been married for 33 years and all their children were of legal age at the time of this action. Plaintiff, a 52-year-old able-bodied woman, had started a full-time job at Fann Steel in North Chicago, Illinois, approximately one month before the commencement of trial. Her gross salary was $198 per week, and her net salary amounted to $150. According to joint income tax returns, the plaintiff had earned approximately $16,000 over the preceding 10 years in the performance of various part-time jobs.

Defendant, a 63-year-old able-bodied man, had retired from American Motors Company approximately one month prior to trial. His pension was $184 a month and he was entitled to monthly Social Security payments in an amount still undetermined at the time of this action. Over the last 10 years the defendant had earned over $165,000, according to the parties' joint tax returns.

The defendant contends as to the first issue that the trial court erred in awarding plaintiff defendant's joint tenancy interest in the marital home in lieu of alimony because there was no evidence of plaintiff's need or the ability of the defendant to pay alimony. The plaintiff, in rebuttal, contends that this award in lieu of alimony was permissible under section 18 of "An Act * * * in relation to divorce" (hereinafter the Divorce Act) (Ill. Rev. Stat. 1975, ch. 40, par. 19) because the plaintiff was entitled to alimony and this conveyance is equitable.

Section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) provides that:

> "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

■■ This court recently reiterated the well-settled interpretation of section 18 in *Mueller v. Mueller* (1977), 49 Ill. App. 3d 666, 670, 364 N.E.2d 674, 677, wherein the court stated:

> "[I]t is clear that a trial court can only compel a conveyance of property owned jointly by the parties in lieu of alimony under section 18 where the recipient spouse is entitled to alimony, periodic alimony is not feasible, and the conveyance is equitable. *Persico v. Persico* (1951), 409 Ill. 608, 100 N.E.2d 904; *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 287 N.E.2d 47."

It is also axiomatic that an award of alimony lies within the sound discretion of the trial court and such an award will not be reversed unless

there has been a clear abuse of discretion. *Riordan v. Riordan* (1977), 47 Ill. App. 3d 1019, 365 N.E.2d 492.

■■ We have examined the record and cannot pinpoint any evidence which supports a finding that plaintiff was or was not entitled to alimony. Based on the sketchy evidence presented here, we may not entirely quarrel with the trial court's attempt at the division of property between these parties; however, in our opinion, the proof at trial was insufficient to establish that plaintiff had or did not have special needs or purposes which would necessitate the imposition of alimony for her support. Additionally, there was inconclusive documentation that the award to plaintiff of defendant's joint tenancy interest in the marital home in lieu of alimony was equitable as between these parties. (*Brandis v. Brandis* (1977), 51 Ill. App. 3d 467, 367 N.E.2d 162.) Accordingly, under these circumstances, the trial court's award to plaintiff in lieu of alimony is reversed, and the cause is remanded for a new hearing consistent with the views expressed herein.

Defendant's second contention on appeal is that plaintiff was not entitled to defendant's joint tenancy interest in the parties' bank accounts totaling $11,000. Defendant argues that plaintiff did not properly plead or prove special equities in these bank accounts in the trial court as required under section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18) and thus the trial court did not have the authority to award defendant's joint tenancy interest in this property to the plaintiff. In refutation of this argument plaintiff points out that this award was within the equitable discretion of the trial court.

Section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18) provides that:

> "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

This court also considered this section in *Mueller v. Mueller* (1977), 49 Ill. App. 3d 666, and reiterated the well-settled principle that "[i]n order to compel a conveyance of property under this section, special equities 'must be specifically alleged in the complaint and established by competent evidence adduced at trial.' [Citations.]" 49 Ill. App. 3d 666, 669.

■■■ In the application of this principle to these facts we find, first, that plaintiff has not properly pleaded special equities in these joint tenancy bank accounts. Defendant originally raised the bank accounts issue in his countercomplaint wherein he averred that he had the right to share equitably in these joint accounts. Plaintiff in her response to this pleading

denied that these accounts "were the result of joint effort, frugality or contribution," but nowhere in this pleading or any other did the plaintiff allege that she had special equities in these accounts by virtue of her own efforts. Accordingly, we find that plaintiff did not properly plead special equities and that the trial court's consideration of this theory in granting plaintiff her requested relief was obviously improper. However, assuming arguendo that plaintiff had properly pleaded special equities in the trial court, we are unpersuaded that the evidence established that plaintiff had special equities in the entire $11,000 of these accounts. The evidence consisted of plaintiff's testimony that she started the accounts with approximately $500 she had inherited and that this sum had been increased over the last 12 years by her earnings alone. During this time, plaintiff had worked, doing ceramics and other part-time jobs, and her earnings had amounted to $16,000—a little over one-tenth of the defendant's salary during this period. Additionally, plaintiff performed the requisite household and family duties over this time.

Defendant testified that plaintiff had handled the personal finances of the parties and that he turned the net proceeds of his check minus minimal living expenses over to plaintiff each pay period. The plaintiff denied this at trial and no proof was offered to resolve this conflict in testimony. Defendant, however, agreed with plaintiff's testimony that he was not aware of the existence of these bank accounts until five months before trial.

After a review of this record and testimony we are unpersuaded that plaintiff had submitted the requisite proof to establish special equities in the *entire* $11,000 amount of these bank accounts. It would stretch reason, let alone equity, to cognitively permit the wife to have the entire interest in these accounts merely because she had never told her husband of the existence of these accounts and had used her minimal earnings to build up the joint bank accounts. Certainly plaintiff's contribution of $500 to start this account is entitled to deference by the court when the respective equities are considered. However, in our opinion, when the salaries, contributions and other evidence are considered, it is clear that both parties contributed to these bank accounts and both parties are entitled to divisional share in them. (*Pohren v. Pohren* (1976), 40 Ill. App. 3d 1063, 353 N.E.2d 6.) Under the totality of these circumstances, we find that the trial court abused its discretion in awarding plaintiff the defendant's joint tenancy interest in the bank accounts. Accordingly, the trial court's award to plaintiff of defendant's entire interest in these bank accounts is reversed.

For the reasons recited above, we affirm the trial court's grant of the divorce decree to plaintiff; we reverse the trial court's award of defendant's joint tenancy interest in the marital home to plaintiff in lieu of

alimony; we reverse the trial court's award to plaintiff of defendant's joint tenancy interest in the parties' bank accounts; and the cause is remanded for further consideration consistent with this opinion.

The judgment of the circuit court of Lake County is affirmed in part, reversed in part and the cause is remanded.

Affirmed in part; reversed in part and remanded.

NASH and WOODWARD, JJ., concur.